[Opinion adopted October 31, 1884.]

---

Mo. Pac. R'y Co. and I. & G. N. R'y Co. v. T. B. Collier.

(Case No. 1720.)

1. DEPOSITIONS — SERVICE. — Service upon the local agent of the corporation, of notice of taking depositions, is a good legal service.   Vide R. S., arts. 1223, 2219, 2223, 2233.

2. EVIDENCE. — In a suit for the recovery of actual damages against the defendant company, evidence as to the condition of the railroad, speed of train, and the like, is admissible to show negligence, where such facts are alleged in the petition as the cause of damages sustained by plaintiff.

3. SAME — HEARSAY. — Remarks of a fellow passenger to the witness, as to the speed of a train, made while it is moving, are admissible when that fact is in issue.

APPEAL from Smith. Tried below before the Hon. Felix J. McCord.

This suit was instituted by the appellee, T. B. Collier, to recover of the appellants the sum of $10,000 damages for personal injuries sustained by him while a passenger on the International & Great Northern Railroad, which it was alleged was being operated by the Missouri Pacific Railway Company, caused by the car, in which plaintiff was seated, leaving the track and turning upside down from an embankment, on the night of the 30th of January, 1883, whereby it was alleged that plaintiff's back and spine were injured, and he received numerous other bruises.

To this there was a general denial by defendants, and a plea that the wreck was one of those inevitable accidents against which human foresight could not provide, in that the train was properly equipped and manned, and was running at a proper rate of speed; that the road-bed was in good condition and repair, but that an apparently sound iron rail broke, from the effects of cold making it brittle, and threw the car from the track; that against such accidents as this no known precautions could provide. Upon the trial judgment was rendered for plaintiff for $4,000, from which this appeal was prosecuted.

*Whittaker & Bonner*, for appellants, cited, as to proper service of notice of taking depositions: R. S., arts. 1223, 2219.

As to liability of railroad for inevitable accident: R. R. Co. v. Halloran, 53 Tex., 46; R. R. Co. v. Fowler, 56 Tex., 452.

*Chilton, Robertson & Finley*, for appellee, cited: Weeks on Depositions, § 269; Spaulding v. Ludlow, 36 Vt., 150; Alexander v. Strong, 38 Ala., 326; Abbott's Trial Evidence, p. 589; 1 Greenl. Ev., § 108; Transfer Co. v. Flint, 13 Wall., 3.

WEST, ASSOCIATE JUSTICE.— Under the facts of this case, as disclosed by the record, the district court committed no error in declining, at the instance of the appellants, to suppress the depositions of the witness Howell and others.

We think that under the facts of this case the service of the notice and interrogatories on the local agent of the appellants at Tyler was sufficient, and was good legal service.

The petition avers and the evidence shows that, as a matter of fact, the Missouri Pacific R. R. Co. had charge of and was in fact, at the time of the service, lawfully operating the I. & G. N. R. R. Co. in Texas.

Under such circumstances we regard the service of the notice made in this case as sufficient and lawful notice. Acting under it, too, the appellants punctually crossed the interrogatories, and there does not appear to us to be any such illegality or irregularity in the mode and manner of service as would vitiate it. R. S., arts. 1223, 2219, 2223, 2233.

Nor did the district court, in our opinion, commit any error, under the state of the pleadings and evidence in the case, in allowing the testimony of Collier, Butler, Still and others to go to the jury for their consideration as to the general condition of appellants' road-bed and track at and near the point where the injury in question was sustained.

The defense of the appellants was based upon the assumption that the wreck under consideration was one of the results of that class of accidents, springing from natural causes, against which no human foresight could guard. That the broken rail in question was, just before the occurrence of the accident, entirely sound and serviceable; and that the sudden fracture in it, which caused the injury, resulted by reason of the extreme degree of cold to which it was at the time subjected, and from no negligence, or want of care, or due precaution, on their part.

On the other hand, the appellee, in his pleadings, and by his evidence, put this very matter in issue. He contended that the wreck in question, and the consequent injury resulting to him from it, was not produced by the reduction in temperature, but was caused by the culpable acts of appellants in running the train in question at too high a rate of speed over an old and much worn railroad bed and track, which was not in a sufficiently good condition, or repair, to authorize the running of trains over it at so great a rate of speed, and that by this culpable negligence and breach of duty on the part of the appellants, the iron rail in question, which was already old, and had been much used, was broken, and the wreck, as a consequence, ensued.

In this state of the record; and under the pleadings of both parties, we are of the opinion that the district court did not err in permitting the evidence now under consideration to be heard and considered by the jury in arriving at their conclusions, and in determining what verdict, under the evidence, they should return to the court in response to the issues that were submitted to them for determination.

Under the state of facts existing at the time, as disclosed by the record, we do not regard the evidence of the witness Collier as il-

legal or inadmissible. He was detailing facts within his own knowledge, as to the very high rate of speed at which the train in question seems to have been moving; and as a circumstance growing out of the high rate of speed, and as calculated to make his meaning clearer to the jury, he calls their attention, in this immediate connection, to the exclamation, made at the time, of a fellow-passenger, as to the short period of time consumed in passing from Overton to Jarvis' Switch. We do not regard this testimony, in this connection, as hearsay, or as improper or inadmissible, under the circumstances.

The same may be said as to the testimony of the witness Chilton. To the evidence, however, of this last named witness, no proper bill of exceptions seems to have been taken.

Upon a careful examination of the case, the verdict cannot be said to be contrary to the weight of the evidence. The proof, as is usual in this class of cases, was conflicting in its character.

Under such circumstances, the disputed and doubtful matters must, in the nature of things, be left for the consideration and determination of the jury. These are subjects on which it is their peculiar province to pass. These matters are strictly for their determination.

There appears to be no serious or material error in the record, and the judgment of the district court is accordingly affirmed.

AFFIRMED.

[Opinion delivered October 31, 1884.]