[Birmingham Electric Ry. Co. v. Clay, Admx.]

# Birmingham Electric Ry. Co. v. Clay Admx.

*Ation of Damages for negligently causing death of intestate.*

1. *Evidence; matters impressing memory of witness.*—It is often the case, that a witness is allowed to state in evidence an irrelevant fact, not as tending to prove a disputed fact, but in order to show that his mind was retentive of an important relative fact deposed to by him, and as serving to impress him with the correctness or accuracy of his memory.

2. *Same; contributory negligence.*—One who having his arms full of bundles, attempts to board a train while it is running at from four to seven miles per hour, is guilty of contributory negligence. But it will not be said, as a matter of law, that it is contributory negligence, under all circumstances and conditions, to attempt to board a train, if moving

3. *New trial; preponderance of evidence.*—Even though the testimony be conflicting, if the preponderance of the evidence is greatly against the verdict, a new trial should be granted.

APPEAL from Jefferson Circuit Court.

Tried before Hon. JAMES J. BANKS.

The facts of this case are fully stated in the opinion. The charges requested by the defendant, and refused, were as follows: (1.) If the jury believe the evidence, they must find for the defendant. (2.) If the jury believe the evidence, the must find for the defendant under the second count of the complaint. (3.) If the jury believe the evidence in this case, they must find for the defendant under the third count in the complaint. (4.) It is negligence for a person to attempt to board a moving train, and if he be injured by such attempt, he cannot recover.

The jury returned a verdict for the plaintiff, and thereupon, the defendant filed a motion for a new trial upon the following grounds: (1.) That the court erred in refusing the charges asked by defendant. (2.) In overruling the defendants objections to the evidence. (3.) The verdict of the jury was contrary to the law as

given by the court. (4.) The verdict of the jury is contrary to the evidence.

This motion for a new trial was refused, and the defendant appealed.

WALKER, PORTER & WALKER for appellant. That the evidence of immaterial facts, if bearing on the memory of the witness is admissable. Stevens Dig. of Ev. 31; 31 Ala. 26; 56 N. Y. Rep. 182; 1 Gr. Ev. sec. 108.

On the motion for a new trial, cited, *Cobb v. Malone*, 92 Ala. 630; *White v. Blair*, 95 Ala. 147; *Bray v- Ely*, 17 So. Rep. 180.

LEA & McMASTER *contra*.

HARALSON, J.—1. What the height and size of plaintiff's intestate, who was killed by the train, had to do with the issue of the case, it is difficult to understand. He was shown to be of medium height and size. The defendant objected to this proof when offered, because it was irrelevant, immaterial and illegal, but it was let in. It also moved to exclude it, on the same ground, but the motion was overruled. The company was certainly liable to no greater damages, or loss, because the deceased was of the height and size named. The only effect of such evidence was to confuse and mislead a jury's mind from the real issues in the cause. From the very fact the court let it in against the objection of defendant, was calculated to impress them, that it was a damaging fact against the company. We note, the appellee's counsel make no attempt, in their written argument filed in the cause, to sustain the ruling.

2. The defendant's witness, Smith, had testified, that he saw plaintiff's intestate when he attempted to get on the train at the time he was killed, and that it was moving from four to six miles an hour, and in making the attempt, with both arms full of bundles, he fell under the front coach, and in front of the trucks of the rear coach, and was run over by two sets of trucks in rear of where he fell and was killed. That the deceased boarded the train while in motion, as deposed by this witness, was corroborated by several other witnesses for defendant. Two witnesses examined by plaintiff, testified that

the train was at a standstill, when deceased attempted to board it. The defendant's counsel asked the witness being examined, to "State whether or not you heard anything said by any one near you which called your attention to the fact, that said intestate was in a place of danger, or was about to get in a place of danger, just before you saw said intestate running toward said train." He had stated that he saw him running toward the train to get on. The question being objected to by plaintiff, defendant's counsel thereupon stated to the court, that he had expected to show that the witness heard a remark made by another person standing near, which remark tended to call witnesses attention to intestate's danger, or that intestate was about to get in a place of danger, and this impressed the fact proposed to be proved upon the mind of the witness, and that it was not intended that this evidence should be used for any other purpose. The question was not allowed to be answered. In this we think the court erred. It was important for the jury to be fully informed of all the facts tending to show whether this witness was, or was not mistaken, from his inadvertence, carelessness or want of memory. It is often the case, that a witness is allowed to state in evidence an irrelevant fact, not as tending to prove a disputed fact, but in order to show that his mind is retentive of an important relative fact deposed to by him, and as serving to impress him with the correctness or accuracy of his memory. Such evidence cannot be admitted to prove the truth of the irrelevant fact stated, but as we have said, merely to show an outside circumstance which naturally called the attention of the witness to the fact deposed to by him, and that fixed the fact in his recollection. In an instance of the kind, as here, if the collateral fact is the statement of a third person, whether the statement of the third person was true or false, would be wholly immaterial. The fact that the communication was made to the witness, and not its truth or falsity, is the only material point. As for instance, it being material to prove the day when a particular thing occurred, the fact that some person called the witness's attention, at the time of the occurrence, to the day or hour, which enabled him to state it with accuracy, is relevant to be deposed to, as fortifying the recollection of the witness; or, if testifying to the speed of a train in

running between points, the fact that some one remarked that it had run very rapidly or very slowly, might be given in evidence as bearing on the accuracy of the memory of the witness who deposed to the speed with which the train did run, and who observed its speed the more closely on that account.—*State v. Fox*, 25 N. J. L. 566 ; *Mo. P. Ry. Co. v. Collier*, 62 Tex. 318 ; 9 A; & E. E. of Law 330, n. ; 1 Gr. Ev., §§ 100, 101.

3. All the witnesses examined in this case who saw the accident.—four in number, two for the plaintiff and two for the defendant, as well as three others for the defendant,—the conductor, engineer and fireman,—all locate the scene of the accident. about midway between 21st and 22d Streets in Birmingham, about opposite to Trousdale's livery stable, on the north of the railroad ; and the time, the 4th of March, 1893, and as the evidence tends most strongly to show, between 7 and 8 o'clock p. m. The two witnesses for the plaintiff Mary Shepard and Jack Ferguson, swear that the train had stopped at this place, on its trip into Birmingham from East Lake, to discharge passengers, and they and the plaintiff's intestate, attempted to board the train, Ferguson in the lead, Shepard next, and intestate following ; that when the cars started, they did so with a jerk, which threw Ferguson, just entering the coach door, back, striking Shepard who was on the platform or first step from it, and knocking her backwards, striking intestate, which threw him,—yet on the first step from the ground,—off under the wheels, and he was killed. Neither of these witnesses testify, that either of them was thrown off the cars by the jolt they describe as occasioned by the starting of the train, nor do they say there was any other passenger, who attempted to get on, besides themselves and intestate.

The two witnesses for defendant,—Charley Smith and C. L. Cartwright, who saw the accident, and the conductor, engineer and fireman,—all swore that it occurred, on the date, about the hour and place, as described by the plaintiff's witnesses ; but they all swear, that at the time the intestate attempted to board the train, it was running from 4 to 7 miles an hour ; that it had not stopped at all, between the two streets referred to ; that it had just before that, stopped at the regular stopping place, on the west margin of 22d Street, to discharge

and take on passengers, and had moved off without any other stop, and without jerk, before intestate was killed. Smith does not testify that he saw any other person accompanying intestate, as he ran to board the train, and Cartwright swore, that no one was with him. It was also shown, that the ordinance of the city of Birmingham at that time of force, forbade any trains while going westwardly, from stopping for passengers at any other point between 21st and 22d streets, on First Avenue, except at the west line of 22d Street, at which point, all the defendant's witnesses, who testified to what occurred, state that the train did stop on this particular trip, and did not elsewhere halt between those streets.

The conductor, engineer and fireman did not see intestate, at the moment he made the attempt to board the train. They did, however, each state, that they felt the jar when he was run over; that the train was immediately stopped, and that they got out and took him dead from beneath the trucks, and it is shown that the wheels in passing over him, were thrown from the track. This fact, of itself, is very convincing evidence, that the train was in motion, and had not just started, after a standstill.

To one fact, the two witnesses for the plaintiff, and tho two for defendant, who swore they saw the accident, do agree, and that is, that when intestate attempted to get on the car, he had both his arms full of bundles. Mary Shepard said: "And her falling back on said intestate knocked him back, and, as he had both arms full of bundles, could not catch the iron railing up along the side of said steps, and he fell under the coach," &c. Jack Ferguson testified as to this, that "Said intestate, having both his arms full of bundles, could not catch said railing along by said steps." If the train was in in motion, running at from 4 to 7 miles an hour, according to the account of defendant's witness, and he attempted to board it, with his arms full of bundles, it was the sheerest negligence bordering on recklessness for him to have attempted to do so.

Whether the train was at a stand-still when intestate attempted to board it, or was in motion, is a question of disputed facts proper for the determination of the jury. Under the evidence, therefore, the first and second charges requested by defendant were properly refused.

The fourth charge was also properly refused. We would not say, as a matter of law, that it is contributory negligence, under all circumstances and conditions, to attempt to board a train, if moving. The charge was too general.—*Mowrey v. Cen. City R. Co.*, 66 Barb. 43, 56; Booth on Street Railways, § 336.

There was no proof that intestate was ever on the platform of the car, and was thrown therefrom, but all the proof shows he had, attemp·ing to board the train, ascended no further than the first or lowest step of the car, and was thrown from it. There was a variance, therefore, in the allegations of the third count, and the proof, and the third charge requested by defendant and refused, should have been given.

4. The preponderance of ·the evidence before us in this transcript, was so greatly in favor of defendant, as in our judgment presented a case for a new trial. The ruling of the court in denying the motion was plainly erroneous.

Reversed and remanded.