PHILIAS GOUIN, p. a., *vs.* THOMAS RYDER.

JULY 2, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Negligence. Automobiles.*

Where plaintiff was crossing the street when struck by defendant's automobile, and the view along the street between the machine and plaintiff was unobstructed, and there was no apparent reason why defendant could not have seen plaintiff in time to have stopped or turned his machine had he been giving attention to the course, a verdict for defendant will be set aside, for assuming negligence on the part of plaintiff, defendant had he been looking would have discovered plaintiff and been able to avoid him.

*(2) Negligence. Evidence. Res Gestœ.*

In a personal injury action arising out of a collision between an automobile and plaintiff, who was crossing the highway, the exclamation of a passenger upon an electric car, as to the speed of the automobile in passing the car,

is not admissible as part of the *res gestæ*, where the exclamation was prior
to the collision and so far as appeared could not have been provoked by
observing the dangerous situation of plaintiff.

(*3*)  *Evidence.  Depositions.*

Under Gen. Laws, cap. 292, § 26, it is necessary to obtain an order from the
court in which the case is pending authorizing the taking of depositions
without the state to be used in cases pending in the courts of this State.

TRESPASS ON THE CASE for negligence.  Heard on excep-
tions of plaintiff and sustained.

VINCENT, J.  This is an action of trespass on the case for
negligence to recover damages suffered by the plaintiff
through his being knocked down and run over by an auto-
mobile owned and driven by the defendant, in the village of
Natick, Rhode Island.

Suit was brought against the defendant on December 24,
1909.  The first trial thereof occurred in February, 1912,
and at the conclusion of the plaintiff's testimony the court
directed a verdict for the defendant.  Upon exceptions
taken by the plaintiff the case was remitted to the Superior
Court for a new trial.  The case was again tried in April,
1914, resulting in a verdict for the defendant.  The plain-
tiff's motion for a new trial was denied by the trial court and
the case is again before us on the plaintiff's exceptions.

"1st.  At the trial of said cause the plaintiff asked the
following question of the witness, John P. King, Ques. 31.
'Now then did the action or speed of the car cause any
exclamation on your part to your wife or lady it was then.'
This question was not allowed and was ruled out by the
court.  To which ruling the plaintiff then and there excepted.

"2nd.  The plaintiff offered in evidence the deposition of
Wm. A. Carpenter taken in the city of Utica, in the State of
New York.  The court excluded the deposition and ruled
that the same had not been taken in accordance with the
requirements of Section 26, Chapter 292 of the General
Laws.  To which ruling the plaintiff then and there excepted.

"3rd.  The court denied and dismissed the plaintiff's
motion that the verdict of the jury be set aside and that a

new trial be granted and ruled that said verdict should stand and that a new trial should not be granted. To which ruling the plaintiff then and there excepted. All of which appears of record in said cause."

From an examination of the testimony it appears that no one actually saw the automobile of the defendant strike the plaintiff. The plaintiff testifies that being about to cross the village street he looked and saw a trolley car at a distance which would not render it unsafe for him to proceed; that he saw no other approaching vehicle and that under those conditions he moved onward across the street in a diagonal direction, but before reaching the other side he was knocked down by the defendant's automobile, although he did not know at the time what it was that struck him.

(1) The defendant testified that he did not see the plaintiff at all until the very instant when his automobile came into contact with him. The view, along the street, between the approaching automobile and the plaintiff, was entirely unobstructed and there seems to have been no reason why the defendant could not have seen the plaintiff in time to have stopped or turned his machine and avoided the collision, had he been giving any attention to the course along which he was proceeding.

While there may be some improbability in the testimony of the plaintiff that before he crossed the street he looked and saw nothing but a trolley car, we do not think that it can be reasonably asserted that such testimony was untrue beyond a possibility. If we assume however that the plaintiff was negligent in attempting to cross the street at the time he did and under the conditions which then existed, the defendant, had he been looking, would have discovered the plaintiff when he had reached a place of danger and been able to have avoided him.

(2) The plaintiff's first exception is to the refusal of the trial court to permit him to inquire of a witness, who was a passenger upon the electric car, whether the speed or action of the automobile, as it passed the electric car, was such as to

cause any exclamation on his part to a lady who accompanied him. The plaintiff claims that he had the right to introduce such testimony as a part of the *res gestœ*. We think the testimony was properly excluded. There is some authority that the exclamations of a bystander, contemporaneous with an occurrence, is a part of the *res gestœ*. The exclamation sought by the question was prior to the running down of the boy, and, so far as appears, could not have been provoked by observing his dangerous situation. The evident purpose of the question was to bring out the fact that the automobile was proceeding rapidly when it passed the electric car. Some exclamation on the part of one passenger to another, indicating the great speed of the automobile, made without any knowledge of impending danger to the plaintiff, would not be a part of the *res gestœ*.

(3) The plaintiff's second exception related to the ruling of the trial court excluding the deposition of a witness resident in Utica, New York. The citation for the deposition purports to be issued by a justice of the peace of that city and to have been served upon the attorneys for the defendant in Providence by a disinterested person, leaving a true copy thereof with them, and making the usual affidavit of service. The citation contained a notification of the day, hour and place when and where said deposition would be taken in Utica. The introduction of the deposition was objected to on the ground that it had not been taken under any order of the court in which the case was pending. We think that the statute, General Laws, Chapter 292, § 26, clearly makes it incumbent upon parties desiring to take depositions without the State, to be used in cases pending in the courts of this State, to obtain an order from the court in which the case is pending authorizing the taking of such a deposition. In the case of *Putnam's Sons* v. *MacLeod*, 23 R. I. 373, the necessity for such an order seems to have been recognized, although the question to which the attention of the court was more particularly directed in that case was the propriety of making such an order ex parte. We think that the deposition was properly excluded.

It seems to the majority of the court that the verdict of the jury and the decision of the trial court on the motion for a new trial are both clearly wrong.   The plaintiff's first and second exceptions are overruled, the third exception to the denial of the plaintiff's motion for a new trial is sustained, and the case is remitted to the Superior Court for a new trial.

*Samuel W. K. Allen,* for plaintiff.

*Quinn & Kernan,* for defendant.

