[No. 15972.   Department One.   April 8, 1921.]

HENRY T. HEG *et al., Respondents*, v. DENNIS MULLEN, *Appellant.*[1]

HIGHWAYS (58)—NEGLIGENT USE—QUESTIONS FOR JURY. The speed and distance traveled by an automobile in a collision case cannot be appealed to as physical facts; and where evidence on such matters is dependent on estimates made by witnesses, the question is one for the jury.

EVIDENCE (52)—RES GESTAE—STATEMENTS ACCOMPANYING EVENT. An ejaculation by a passenger in one automobile just before a collision with another car, to the effect, "My! Art, that car is coming fast," was admissible as part of the res gestae, not being of a self-serving nature.

HIGHWAYS (59)—LAW OF THE ROAD—INSTRUCTIONS. In an action for damages sustained in an automobile collision through defendant's excessive speed, a charge to the jury that plaintiffs had a right to assume that defendant would comply with the statute was erroneous, where plaintiffs' evidence showed that they knew defendant was in fact violating the speed limit.

[1]Reported in 197 Pac. 51.

EVIDENCE (54)—RES GESTAE—STATEMENTS BEFORE EVENT. In an automobile collision case, charged as due to the high speed of defendant's car, testimony of a passenger therein in boarding the car that he remarked "I have heard of lots of these cars making sixty miles an hour but I never saw it done," was inadmissible, in the absence of any testimony showing that the driver intended to make good the suggestion.

SAME (52) — RES GESTAE — STATEMENTS ACCOMPANYING EVENT. Where a passenger in an automobile testified that, near the place of collision, he got up and looked at the speedometer and said to the boys "I am in no hurry," the testimony was admissible as tending to show the speed of the car at the time of the accident.

Appeal from a judgment of the superior court for King county, Allen, J., entered March 6, 1920, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries. Reversed.

*Stanley J. Padden,* for appellant.

*Walter S. Fulton,* for respondents.

BRIDGES, J.—Suit for personal injuries. The case was tried to a·jury, which returned a verdict for the plaintiffs upon which judgment was entered. Motions for judgment notwithstanding the verdict and for new trial were denied. The defendant has appealed.

The Des Moines-Kent highway is a gravel road running nearly east and west. On the west side of White river, is what is called the River road, running northerly and southerly, and paralleling the west bank of the river. Going westerly on the Des Moines-Kent highway, one first comes to a bridge over the White river, and at about one hundred and fifty or two hundred feet west of this bridge is where the two roads intersect. On the 27th of July, 1919, the respondents were driving their Ford automobile easterly along the Des Moines-Kent highway, intending to turn northerly on the River road. The respondent Anderson was driving and the other respondents were in the car. At the

same time the defendant was driving his car westerly on the Des Moines-Kent highway. The cars collided at the intersection of the two roads. The respondents' testimony shows that, when they reached the intersection of the two roads, they directed their car to the right-hand side of the road, with the view of making a wide turn into the River road, to go thence northerly thereon; that, just as they were making the turn, they observed appellant's car coming over the bridge about one hundred and fifty feet away from them, at a rate estimated by them to be forty-five miles an hour; that, observing they were in some danger, the driver undertook to accelerate the speed of the car in order to avoid being run down by the appellant; that they were unable to get out of the way, and, as a result, were run into by the appellant's rapidly moving car and injured. Respondents further testified that, as they were making the turn in the intersection of the roads, they were going at the rate of fifteen to twenty miles per hour.

Appellant contends that his motion for judgment notwithstanding the verdict should have been granted, for the alleged reason that the physical facts show that the accident could not have happened in the way described by the respondents. His argument is that if, as respondents' testimony shows, they had but thirty feet to go to get entirely out of the intersection of the two roads, and their car was traveling at the rate of fifteen miles an hour and appellant was one hundred and fifty feet away from them and was going at the rate of forty-five miles per hour, the respondents' car must of necessity have been out of the intersection before appellant's car could have reached that point.

This is not one of those cases where the physical facts must of necessity contradict the testimony and control the case. As to whether appellant's negligence

was the proximate cause of the injury is dependent upon various estimates made by the respondents; first, as to their exact location in the road when they first saw appellant's car; next, as to the speed of their car, and that of the appellant; and, lastly, as to the distance appellant's car was away from them when they first saw it. These speeds and distances as given by respondent, were nothing but estimates, and they are not necessarily to be held to exact accuracy with reference to them. It may be that respondents' car was not going as fast as they thought it was; it may be that the other car was going faster than they estimated, and it may be that when respondents first saw appellant's car it was not as far away as one hundred and fifty feet. These were all questions for the jury. The physical fact cases cited by appellant are not controlling here. In the case of *Mosso v. Stanton Co.*, 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A 943, in discussing this question, we said:

"The vice of this argument is in the assumption that the speed of both man and machine as testified to were indisputably established physical facts, whereas they were mere estimates. Either one or both of these estimates may have been incorrect. Mere estimates, given as such, can hardly discredit positive testimony to the point of incredibility, as a matter of law."

See, also, *Ziomko v. Puget Sound Elec. Co.*, 112 Wash. 426, 192 Pac. 1009.

What we have already said is sufficient answer to the claim of appellant that the case should have been taken from the jury because of contributory negligence.

It is next contended that the court erred in permitting Mrs. Anderson, one of the respondents, to testify that, just as they saw the appellant's car coming over the bridge, she spoke to her husband, who was driving the car, saying: "My! Art, that car is coming

fast!'' It is claimed that this testimony was self-serving and not admissible as a part of the *res gestae*. There has been a tendency on the part of the courts to broaden, rather than restrict, the *res gestae* rule with reference to the admission of testimony. It has been held that expressions made at the time, or as a part of the accident, by any of the parties connected therewith or by by-standers, may be received in evidence. 10 R. C. L. 974 *et seq.; Britton v. Washington Water Power Co.*, 59 Wash. 440, 110 Pac. 20, 140 Am. St. 858, 33 L. R. A. (N. S.) 109; *Dixon v. Northern Pac. R. Co.*, 37 Wash. 310, 79 Pac. 943, 107 Am. St. 810, 2 Ann. Cas. 620, 68 L. R. A. 895.

''All declarations or exclamations uttered by the parties to a transaction which are contemporaneous with and accompany it, or which are made under such circumstances as will raise a reasonable presumption that they are the spontaneous utterances of thoughts created by or springing out of the transaction itself, and so soon thereafter as to exclude the presumption that they are the result of premeditation or design. and which are calculated to throw light on the motives and intention of the parties, are admissible in evidence as part of the *res gestae*.'' 10 R. C. L. 974.

The expression of Mrs. Anderson to her husband was made immediately before the collision, and must be held to be a part of the *res gestae*. The fact that the expression was a part of the *res gestae* excludes all idea that it was self-serving. We do not think the court erred in this regard.

After the court had instructed the jury as to the law of the road and that it was unlawful to drive an automobile faster than at the rate of thirty miles an hour in a locality such as the one in question here, it said:

''You are instructed that persons upon the public highway, as were the plaintiffs at the time of the collision, had the right to presume that the defendant, in

the operation of the said automobile, would comply with the statute pertaining thereto. . , .''

While this instruction states the law correctly as a general proposition, it was incorrect as applied to the facts of this case as testified to by the respondents. It will be remembered that they testified that, when they were making the turn at the intersection of the road, they saw the appellant's car coming at the rate of forty-five or fifty miles an hour. Under these circumstances, it would be incorrect to instruct that the respondents had a right to assume that the appellant was obeying the law. They knew as a matter of fact that he was not so doing. The instruction should have been to the effect that the respondents had a right to assume that the appellant would obey the law unless they knew, or had reason to believe, that he was at the time violating it. Under this instruction, when the respondents were turning into the River road and saw the appellant coming toward them at the rate of forty-five or fifty miles an hour, they would have had the right to act on the assumption that the appellant was driving no faster than the law allowed, to wit: thirty miles an hour. This is not the law and the court erred in giving this instruction.

It appears that one Morgan O'Brien, a witness for respondents, was a passenger in the appellant's car when it left Kent and also at the time of the accident. The trial court, over objections, permitted him to testify that, immediately before leaving Kent, he said to the appellant: ''I have heard of lots of these cars making sixty miles an hour but I never saw it done.'' It is clear that the admission of this testimony was erroneous. If the appellant, in answer to the suggestion made by the witness, had stated that his car could make sixty miles an hour, or intimated that on the trip

he would show the witness the car could run that fast, then it is probable that the testimony might have been admissible; but in the absence of any testimony tending to indicate that the driver of the car intended to make good the suggestion made by the witness, the testimony was clearly prejudicial.

This same witness O'Brien was permitted, over objections, to testify that; "Well, when we were going down the road I got up in the machine and I looked at the speedometer, and I says to the boys, 'I am in no hurry.' I told them I was in no hurry to get to Redondo and I didn't think they were either."

Of course, this testimony was intended to show that the appellant's car at the time the witness made the remark, was going too fast. The testimony shows that the car at this time was within the immediate proximity of the place where the accident happened. It tended to show the speed of the car at the time of the accident and was admissible for that purpose.

Other alleged errors are asserted, but it is not probable they will arise in another trial. For the reasons stated, the judgment is reversed and the case remanded for new trial.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOLCOMB, JJ., concur.