### MONROE v. ATLANTIC COAST LINE R. CO

#### (135 S. E., 472)

1. RAILROADS.—RAILROAD'S WILLFULNESS IN SHUNTING LOOSE CAR ACROSS PUBLIC CROSSING HELD FOR JURY.—Question of railroad's willfulness in shunting loose car across public crossing in town resulting in collision with automobile *held* for jury under conflicting evidence as to time and manner of accident.

2. RAILROADS.—CONTRIBUTORY NEGLIGENCE DOES NOT DEFEAT RECOVERY AGAINST RAILROAD, WILLFULLY SHUNTING LOOSE CAR ACROSS PUBLIC CROSSING.—Contributory negligence of automobile driver would not defeat recovery against railroad, willfully shunting loose car across public crossing, unless he was guilty of gross or criminal negligence or acting in violation of law.

Before FEATHERSTONE, J., Dillon, October, 1924. New trial granted.

NOTE: Elements necessary to establish willfulness, see 20 R. C. L., 145; 3 R. C. L. Supp., 1039; 6 R. C. L. Supp., 1194.

As to what amounts to gross or wanton negligence in driving an automobile precluding the defense of contributory negligence, see note in 38 A. L. R., 1424; 20 R. C. L., 144; 3 R. C. L. Supp., 1039; 4 R. C. L. Supp., 1340; 6 R. C. L. Supp., 1194.

Action by M. M. Monroe against the Atlantic Coast Line Railroad Company. Judgment for defendant, and plaintiff appeals.

*Mr. Joe P. Lane,* for appellant, cites: *Similar case:* 113 S. E., 277. *Elements constituting willfulness:* 20 R. C. L., 145. *Acts of defendant constituted willful negligence:* 163 N. C., 431; 79 S. E., 690; 98 A. S. R., 472; 33 Cyc., 953. *Contributory negligence will not defeat recovery for willful negligence:* 113 S. E., 277; 20 R. C. L., 144. *Signals to be given at crossings:* Civ. Code, 1922, Sec. 4903. *Injuries at crossing; penalty and damage:* Civ. Code, 1922, Sec. 4925. *Car may constitute a "train":* 26 Cyc., 1376. *One may not do indirectly what is prohibited to be done directly:* 30 Am. Dec., 525; 26 R. C. L., 1329.

*Messrs. Gibson & Muller,* for respondent, cite: *Case distinguished:* 120 S. C., 370. *Shunting of cars along one of several adjacent tracks across a street in populous section of town negligence per se:* 120 S. C., 370; 64 S. E., 762; 121 N. W., 1128. *Rulings appearing only in exceptions cannot be considered on appeal:* 123 S. E., 97; 121 S. E., 559; 114 S. E., 408; 113 S. E., 495; 105 S. C., 62.

November 11, 1926.

The opinion of the Court was delivered by Mr. Justice Watts.

"This action was commenced on or about the ———— day of January, 1924, and came on for a hearing in the Court of Common Pleas at Dillon, S. C., at the October term of Court for 1924. Case actual and punitive damages arising out of an alleged collision at a public crossing between automobile of plaintiff and box car of defendant. Jury rendered a verdict for defendant."

The exceptions complained of error on the part of the Circuit Judge, failure to submit to the jury the question of willfulness on the part of the defendant, and in his charge to the jury.

We think the pleadings raise sufficiently the question of punitive damages, and under the evidence, which was sharply conflicting, the question should have been submitted, as this Court has frequently decided that "willfulness is the conscious absence of due care." Under the testimony, circumstances, and facts surrounding the accident, could the Court say as a matter of law that there was no evidence of willfulness on the part of the defendant? We think he was in error in ruling as he did.

We find in 20 R. C. L., p. 145, paragraph 118, this:

"To establish willfulness it is said that the following named elements must be disclosed: (1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another."

Defendant knew this was a public crossing. Under the circumstances it was a question for the jury to consider the question of willfulness. Here we have a loose car shunted across a public crossing in a town, with no engine attached with or without proper equipment, such as proper brakes and train crew thereon, to guard the safety of the public.

As to the time of the accident and how it occured there is a conflict of evidence. Whether the car was equipped so as to protect the public was a question that should have been submitted.

If they could shunt one car they could shunt more. In a town kicking or shunting a car across a public crossing is not to be commended and the question should have been submitted as to whether or not it was a disregard of what the consequences would be.

The question should have been submitted as to whether or not it was a wanton and reckless action on the part of the defendant. If the plaintiff was

24—S. C. 137

guilty of contributory negligence, that would not be a defense and defeat his recovery where the defendant acts willfully, wantonly, or recklessly, unless he was guilty of gross or criminal negligence or acting in violation of law.

The exceptions are sustained, and a new trial granted.

Messrs. Justices Blease and Stabler and Mr. Acting Associate Justice C. J. Ramage concur.

Mr. Justice Cothran concurs in result.

Mr. Chief Justice Gary did not participate.

Mr. Justice Cothran: I concur in the result. I do not approve of the definition of willfulness contained in the quotation from R. C. L. It is not in harmony with the decisions of this Court and is nothing more than a definition of ordinary negligence.