MERCER FUNERAL HOME *v.* ADDISON BROTHERS & SMITH.

(No. 7162)

Submitted February 23, 1932. Decided March 1, 1932.

*James S. Kahle,* for plaintiff in error.
*John R. Pendleton,* for defendant in error.

HATCHER, PRESIDENT:

Plaintiff seeks in this action to recover for damages to its sedan automobile occasioned by a collision with defendant's truck on the public road in November, 1930. Verdict and judgment for defendant were entered in the lower court, and plaintiff asks a reversal here.

The collision occurred just as the truck was coming out of a 6° curve to its right on an upgrade of 5.5%, and the sedan was about to enter the curve (to its left). The hard surface at that point was 13 feet in width, with berms on either side 3 feet wide. The truck was 21 feet and 6 inches long, and with its load weighed approximately 10,000 pounds. Its

driver estimated its speed at about 9 miles an hour while rounding the curve, and admitted that "the left corner of the truck *beared* over a few feet" to his left of the center of the road at the moment of collision. He explained that because of the length of the truck, the severity of the curve, and the narrowness of the hard surface, he could not keep the truck wholly to the right of the road center. He estimated that the sedan was about 75 feet away when he first saw it and was then approaching at about 35 miles an hour; and that its speed had been checked to between 20 and 25 miles an hour when it struck the truck. After the collision the sedan was against the guard rails to its right. Marks on the road showed that it had been shoved back and to the right diagonally about one foot to that position. There was some fresh oil on the road showing skid marks for a distance of 60 feet back up the grade from the place of collision. The operator of the sedan estimated its speed at 30 miles an hour when he first saw the truck and at 20 miles an hour at the moment of collision.

With part of the truck admittedly on plaintiff's side of the road, the defendant would avoid liability on the ground that the operator of the sedan was also negligent. Its theory is stated in the following instruction, which the court gave at its request: "The court instructs the jury that under the law it was the duty of the operator of plaintiff's automobile in approaching the curve where the collision occurred, to have the automobile under control, and to reduce its speed to a reasonable and proper rate, and if the jury believe from the evidence that he did not so operate plaintiff's automobile, then he was negligent, and if the jury further believe from the evidence that such negligence contributed to the injury to plaintiff's automobile, then they should find a verdict for the defendant." This instruction is based on Code 1923, chapter 43, section 96 (k) which provides that one operating a vehicle on a highway "shall have the same under control and shall reduce its speed to a reasonable and proper rate" upon approaching a curve. That statute has been declared unconstitutional as a penal statute (*State* v. *Lantz,* 90 W. Va. 738, 111 S. E. 766), and the plaintiff questions whether it

should be applied as a rule of civil conduct. We consider the question immaterial, however, for the statute as such a rule is but declatory of the common law. 42 C. J., subject Motor Vehicles, sec. 634. Consequently, the instruction properly states the duty incumbent upon the operator of the sedan just prior to the collision. But *control* and *reasonable rate of speed* are relative terms and vary with circumstances. 2 R. C. L., subject Automobiles, sec. 26. The instruction is incomplete in that it does not direct the jury how to determine whether the speed of the sedan was controlled and reasonable under the circumstances of this case, but leaves that determination entirely to the personal ideas of the jurors. This was error as the law has established a rule for just this situation, which is: if a man of ordinary prudence in the position of the operator of the sedan, would have anticipated that a vehicle would emerge from the curve partly over on his side of the road so as to obstruct his passage (i. e. if this was a common occurrence), then the speed of the sedan was not reasonable and it was not under control. If, on the contrary, the man of ordinary prudence in the position of the operator of the sedan would not have anticipated such an emergency, then the speed of the sedan was reasonable and it was under control. *Dimmey* v. *Rr. Co.,* 27 W. Va. 32, 53; 42 C. J. *supra,* secs. 582 and 639; 20 R. C. L., subject Negligence, sec. 100.

Another instruction given on behalf of defendant is as follows: "The court instructs the jury that if they believe from the evidence that the operator of plaintiff's automobile was negligent in any way, which proximately contributed to the collision and injury to plaintiff's automobile, then the jury shall find a verdict for the defendant." This instruction contains a correct abstraction of the law. Its very abstractness is its fault. It should have explained to the jury that the conduct of the operator *proximately contributed* if the collision was " a natural and probable consequence" of that conduct. 42 C. J., *supra,* sec. 587; 45 C. J., subject Negligence, sec. 528; *Fawcett* v. *Ry. Co.,* 24 W. Va. 755. Without that explanation it was misleading to the jury.

*Schwartz* v. *Shull,* 45 W. Va. 405 (pt. 5 syl.) 31 S. E. 914. We find no merit in other errors chargeable to instructions.

The plaintiff would invoke the general rule that one is not required to anticipate heedlessness in another. There are situations in which incaution is practiced to the extent that the rule does not apply, and this may be such a situation. Moreover, if the sedan was not under control (within the meaning of the law) as it approached the curve, then the defendant would be just as much entitled to invoke the rule as the plaintiff and the application of the rule would effect a stalemate.

A witness for defendant was permitted to testify that the operator of the sedan passed her just before the collision at a place shown to be 500 yards from and not in sight of the curve; that in her opinion he was then making 45 miles an hour, and that she said to a companion "if he didn't kill someone or himself it was not his fault." Her remark was not a part of the *res gestae* and was clearly inadmissible. *Gouin* v. *Ryder,* (R. I.) 94 Atl. 670. Her estimate of the operator's speed when passing her was also improper as it throws no light whatever on the real issue—which is that of anticipation. The operator was clearly approaching the curve too rapidly if he should have anticipated that a vehicle would emerge from the curve partly over on his side of the road. If he should not have anticipated the emergency, he is absolved from proximate negligence, and his speed at another place under different circumstances is immaterial. This witness was also permitted to testify that if the operator of the sedan had been going "at the right speed," he could have passed the truck. This opinion was based on the position of the truck when she arrived on the scene. But the truck had been moved over to its right immediately after the collision, and that testimony was also improper.

We observe no other material errors relating to evidence introduced or rejected. The errors noted are prejudicial and require a reversal.

*Judgment reversed; Verdict set aside.*