15571

MARKS v. I. M. PEARLSTINE & SONS

(26 S. E. (2d), 835)

320 

██ 

 April, 1942. 

*Mr. Robert McC. Figg, Jr.,* of Charleston, S. C., Counsel for Appellant, 

*Mr. J. C. Long* and *Mr. Brantly Seymour,* both of Charleston, S. C., and *Mr. J. E. Leppard,* of Chesterfield, S. C., Counsel for Respondent, 

August 10, 1943.

CIRCUIT JUDGE T. S. SEASE, ACTING ASSOCIATE JUSTICE, delivered the unanimous opinion of the Court:

This action was brought by the plaintiff under the provisions of Lord Campbell's Act for the recovery of damages for the wrongful death of her intestate for the benefit of herself and the other surviving children of said decedent. The issues were tried to a jury at the March, 1942, term of Court of Common Pleas of Charleston County and resulted in a verdict for the plaintiff in the sum of $15,000.00.

The complaint alleges, among other things, that in the early morning of October 11, 1939, plaintiff's intestate, a woman about sixty-nine years of age started to cross from the west to the east side of Rutledge Street in the City of Charleston, which said street was 36 feet wide, when she

was struck and killed by a truck of defendant; that at the time the deceased was struck by said truck of defendant the driver thereof was racing with another truck of the defendant; that at the time of the accident the truck was being operated at an excessive rate of speed in violation of a city ordinance restricting the speed of motor vehicles to 25 miles an hour; that the truck was equipped with a defective horn and the driver thereof did not keep a proper, or any lookout, did not give the deceased any notice or warning of the approach of the truck, and did not see her until just as she was struck; that the driver did not slacken the speed of said truck although he saw, or by the exercise of ordinary care, could have seen, the deceased when he was several blocks north of the scene of the accident; that the deceased had reached the west rail of the east-side car tracks 20.8 feet from the west curb of Rutledge Street when she was run down and struck on the driver's left or wrong side of the street; and that the death of the deceased resulted directly and proximately from such willfulness, wantonness and negligence of the defendant, its agents, servants and employees.

The answer of the defendant denied plaintiff's specifications of its negligence as alleged in the complaint and pleaded contributory negligence, carelessness, recklessness and willfulness on the part of the deceased in bar of plaintiff's cause of action.

In the course of the trial the presiding Judge denied timely motion of the defendant for a nonsuit, directed verdict and new trial.

The appellant reserved and appealed to this Court upon six exceptions which were grouped in its brief and stated as presenting three questions.

Question I of appellant (Exceptions 4 and 6) complains of error on the part of the trial Judge in the admission of a part of the testimony of one Taylor, a witness of the re-

spondent, as to an exclamation of one Duc, also a witness for the respondent.

On the morning of the accident Taylor and Duc, employees of the Roper Hospital in Charleston, were walking south along Rutledge Street on the way to their work and when they reached the intersection of Rutledge and Radcliffe Streets they were attracted by the roar of the motors behind them and as they turned they saw two trucks of the defendant which were being operated by its Negro drivers. Duc testified that he saw the two trucks of the defendant, that the one behind looked like he was trying to pass the other; that they were zigzagging and flagging like they were empty, running light; that they were exceeding the speed limit and the rear end was zigzagging like he had no control, running light. Taylor testified that when he was around about Radcliffe Street in Rutledge he saw them and they were coming at such a high rate of speed they attracted his attention; that he saw two trucks of the defendant; that one was in the front of the other and it looked like one was trying to get ahead of the other; that he estimated the speed at about 45 miles an hour; that one of the trucks caught the other and passed it at Calhoun Street.

As these two trucks of the defendant, one of which killed plaintiff's intestate less than a minute thereafter, passed Taylor and Duc at the intersection of Rutledge and Radcliffe Streets, Duc exclaimed in the presence of Taylor, "Golly, look there; those trucks are going to kill somebody yet!"

On the trial, the presiding Judge, over the objection of the defendant that the exclamation of Duc had nothing to do with the accident, that it was too far away from the point of the accident, that it could not be a part of the *res gestae* because it was too far removed from the point of the accident, ruled that the declaration was a part of the *res gestae* and admitted it in evidence. The reception in evidence of the exclamation of Duc as a part of the *res gestae* is the error complained of in the first question

of appellant. There is no hard and fast rule as to time or distance nor can any hard and fast rule be laid down as to the admissibility of evidence as a part of the *res gestae*. Each case must be decided upon its own facts and the admissibility of evidence as a part of the *res gestae* is largely left to sound judicial discretion of the trial Judge.

"No hard and fast rule can be laid down as to the admissibility of evidence as a part of the *res gestae*. The facts and circumstances presented in different cases vary so widely that the courts have come to the point of adjudging this question as it is presented by the particular case under consideration; and the admissibility *vel non* of evidence as part of the *res gestae* is a matter resting very largely in the discretion of the trial Court." 22 C. J., 448, 32 C. J. S., Evidence, § 403; Cf. *State v. McDaniel,* 68 S. C., 304, 47 S. E., 384, 102 Am. St. Rep., 661.

"* * * In passing upon questions regarding the introduction of testimony of the nature involved herein [*res gestae*] the same must largely be left to the wise discretion of the trial Judge, for he has an opportunity to hear the witnesses testify and is well able to judge the force and effect of such testimony and understand the connection and circumstances involved at such time." *Cobb v. Southern Public Utilities Co.,* 181 S. C., 310, 187 S. E., 363, 367; Cf. *Lazar v. Great A. & P. Tea Co.,* 197 S. C., 74, 14 S. E. (2d), 560.

"Questions of this kind [*res gestae*] must be very largely left to the sound judicial discretion of the trial Judge, who is compelled to view all the circumstances in reaching his conclusions, and this court will not reverse his ruling unless it clearly appears from undisputed circumstances in evidence that the testimony ought to have been admitted or rejected, as the case may be * * *." *State v. McDaniel,* 68 S. C., 304, 47 S. E., 384, 386, 102 Am. St. Rep., 661.

"The admission of statements on the ground of being part of the *res gestae* is a matter that must be left largely to the discretion of the trial judge, for the reason that he is in

a position to see and hear the witnesses testify and be able to get a clear understanding of the transaction as it occurred, and unless convinced that the trial judge abused his discretion or was clearly in error this court will not interfere * * *." *Neal v. Southern R. Co.,* 162 S. C., 228, 160 S. E., 837, 842.

The general requirements to make evidence a part of the *res gestae* are stated in 22 C. J., at page 443 as follows: "In any particular case submitted to judicial investigation, the nature of the right or liability asserted involves consideration by the tribunal of a certain number of principal facts, the happening of which extends over a definite period of time and directly determines the existence of the right or liability. This collection of primary facts constituting the necessary and immediate field of judicial inquiry has been designated as the *res gestae,* and within this field of immediate inquiry the Court will receive evidence of all the facts. The term *'res gestae'* has, however, frequently been given a greatly extended application and has been defined as 'those circumstances which are the undesignated incidents of a particularly litigated act, and which are admissible when illustrative of such act.' It has been made to embrace all facts which are relevant to the principal fact in any degree, as tending to establish the existence of the claim or liability in dispute between the parties, which directly arises, if at all, from the primary fact, although the facts covered by this extended definition of the phrase may be attendant or explanatory circumstances involving no idea of action, or may be prior or subsequent to the happening of the primary fact, even by a considerable length of time, and although the facts may have happened at a different place from that at which the primary occurrence took place, or the acts may have been done by others than the principal participants * * *." See also 32 C. J. S., Evidence, § 403.

This Court in a number of cases has stated the principles governing the admission of evidence as a part of the *res gestae*:

"To make declarations a part of the *res gestae,* they must be contemporaneous with the main fact—not, however, precisely concurrent in point of time. If they spring out of the transaction, elucidate it, and are made at a time so near to it as reasonably to preclude the idea of deliberate design, they are then regarded as contemporaneous." *Lazar v. Great A. & P. Tea Co.,* 197 S. C., 74, 14 S. E. (2d), 560, 563. Cf. *State v. Belcher,* 13 S. C., 459, and *State v. McDaniel, supra.*

"Statements or circumstances which are explanatory of the main fact are admissible in evidence as a part of the *res gestae. Benbow v. Harvin,* 92 S. C., 180, 75 S. E., 414. Its explanatory nature is essential * * * it must possess the very characteristic of being well calculated to unfold the nature and qualify the main fact, and so harmonize with it as to obviously constitute a single transaction. *Turpin v. Brannon,* 3 McCord 261, 14 S. C. L., 261; *Hall v. James,* 3 McCord, 222, 14 S. C. L., 222. Of course, the utterance in question must be spontaneous, the test being, it has been said, whether the declaration was the facts talking through the party or the party, talking about the facts. *Murray v. Boston, etc., R.,* 72 N. H., 32, 54 A., 289, 61 L. R. A., 495, 101 Am. St. Rep., 600; *Funderburk v. Powell et al.,* 181 S. C., 412, 187 S. E., 742." *State v. Long,* 186 S. C., 439; 195 S. E., 624, 626.

A declaration of a fact, which although antecedent in point of time, if it is preliminary or immediately preparatory to the fact, may be received. *Hankinson v. Charleston & W. C. Ry.,* 94 S. C., 150, 77 S. E., 863.

"The general rule is that the declarations must be substantially contemporaneous with the litigated transaction, and be the instinctive, spontaneous utterances of the mind while under the active, immediate influences of the transaction;

the circumstances precluding the idea that the utterances are the result of reflection or designed to make false or self-serving declarations." *State v. McDaniel,* 68 S. C., 304, 47 S. E., 384, 386, 102 Am. St. Rep., 661. Cf. *Magill v. Southern Ry.,* 95 S. C., 306, 78 S. E., 1033.

The main or primary fact in this case was the striking and killing of the deceased by one of the trucks of the defendant and the important questions are: (1) Was the death of plaintiff's intestate the direct and proximate result of the actionable negligence of the defendant? (2) Was the deceased guilty of contributory negligence?

Was the negligent operation of the trucks of the defendant several blocks away from the scene of the accident, but less than a minute before plaintiff's intestate was struck and killed by one of them, relevant to the principal fact in any degree? We think that the excessive speed in violation of the city ordinance, the racing of the drivers and the negligent operation of the trucks just before plaintiff's intestate was struck and killed were important factors well calculated to unfold the nature and quality of the main fact and so to harmonize with it as to obviously constitute a single transaction. We also think that the utterance of Duc as testified to by Taylor was the spontaneous exclamation of a disinterested actor and made while he was under the active and immediate influences of the transaction and without any design on his part and was in fact the facts talking through the party rather than the party talking about the facts.

The able counsel of the appellant earnestly and vigorously contended that the particular exclamation of Duc would not be a part of the *res gestae* because it was too far removed from the point of the accident. Emphasis was stressed upon the fact that the declarant did not see the accident and that the exclamation was made about a minute before the deceased was struck. He has cited several cases from other jurisdictions which appear to sustain his contention, includ-

ing *Barnett v. Bull,* 141 Wash., 139, 250 P., 995; *Eveready Cab Co. v. Wilhite,* 66 Ga. App., 815, 19 S. E. (2d), 343; *Mercer Funeral Home v. Addison Bros. & Smith,* 111 W. Va., 616, 163 S. E., 439.

Those cases appear to be in conflict with our own case of *State v. Long,* 186 S. C., 439, 195 S. E., 624, where this Court held that a statement made a second or two before the collision by one bystander to another just a short distance above the place of the accident should have been admitted as a part of the *res gestae* and reversed a ruling of the Circuit Judge who held that the particular statement was not a part of the *res gestae.* The cases cited by the appellant also appear to be in conflict with the weight of opinion in the United States. Compare the cases listed in the annotation to the case of *Houston Oxygen Co. v. Davis,* 139 Tex., 1, 161 S. W. (2d), 474, 140 A. L. R., 868.

In the trial of the above case, Sally Cooper, one of the witnesses for the defendant, testified that on the date of the accident a Plymouth automobile in which the plaintiff was riding passed her car about four or five miles· from the scene of the accident; that at the time the Plymouth car passed her she was driving in the same direction as plaintiff and that Jack Sanders and M. C. Cooper were passengers in her automobile. Sanders testified that the Plymouth car of the plaintiff passed the automobile in which he was riding, on a curve of the highway rough and uneven at the point, traveling 60 or 65 miles an hour, about four miles from the scene of the collision and that as the Plymouth went out of sight it was bouncing up and down in the back and zigzagging. Defendant then offered to show that after plaintiff's car had passed the automobile of Sallie Cooper she said: "They must have been drunk, that we would see them somewhere on the road wrecked if they kept that rate of speed up." Other evidence showed that the Cooper car came upon the scene of the collision about ten or fifteen minutes after the plaintiff's car had passed it. The trial Court ruled that the

statement was not a part of the *res gestae* and was not admissible. The ruling of the trial Judge was affirmed by the Court of Civil Appeals. Upon appeal the Supreme Court of Texas held that the statement was a part of the *res gestae* and reversed the ruling of the trial Court. Cf. *Williamson v. Shobe,* 24 Ohio N. P., 533; *Emens v. Lehigh Valley R. Co* D. C., 223 F., 810; *Kelly v. Hanwick,* 228 Ala., 336, 153 So., 269; *Nahorski v. St. Louis, etc., Ry. Co.,* 310 Mo., 227, 274 S. W., 1025; *Mathewson v. Olmstead et al.,* 126 Wash., 269, 218 P., 226; *Hornschuch v. Southern Pac. Co.,* 101 Or., 280, 203 P., 886; *Heg v. Mullen,* 115 Wash., 252, 197 P., 51 and *Missouri Pac. R. Co. v. Collier,* 62 Tex., 318.

We conclude that the trial Judge did not err or abuse his discretion in admitting the particular exclamation of Duc and the exceptions supporting Question I of the appellant are overruled.

The second question of appellant supported by its fifth exception complains that the charge of the trial Judge that a rebuttable presumption arises from the violation of a city ordinance resulting in an injury gave to the presumption the effect of evidence to be weighed against conflicting evidence on the issue of proximate cause. The portion of the instructions assigned as such error is as follows: "Now, when a person violates an ordinance of the city, the very fact that he violates that ordinance, whatever it may be—the law says that is negligence *per se,* or negligence in itself. The law will presume that such person was negligent because of the violation of the City Ordinance; and if the accident alleged in the complaint resulted because of that violation of the ordinance, then it would be presumed to be the proximate cause of the injury. The violation of an ordinance is in itself negligence; and if such violation—if the injury resulted from such violation, then it is presumed to be the proximate cause of the injury. That is merely a presumption. All presumptions are rebuttable, and that presumption is rebuttable, and it is for the jury to say, from all

the facts and circumstances in the case, whether or not the defendant was negligent."

The precise complaint of the appellant seems to be that the trial Judge erred in not charging the jury that the introduction of any evidence to rebut the presumption de-. stroyed it and left the burden on the plaintiff to prove that the injury and death of her intestate resulted from the actionable negligence of defendant.

The instructions of the trial Judge must be construed as a whole, and if, as a whole, the charge states the law correctly, there is no reversible error. *Key v. Carolina & N. W. R. Co.,* 165 S. C., 43, 162 S. E., 582; *Ford v. Atlantic Coast Line R. Co.,* 169 S. C., 41, 168 S. E., 143; *Bosdell v. Dixie Stores Co.,* 168 S. C., 520, 167 S. E., 834; *Lawrence v. Southern Ry., Carolina Division,* 169 S. C., 1, 167 S. E., 839; *Driggers v. Southern R. Co.,* 169 S. C., 157, 168 S. E., 185.

Taken as a whole, we think the charge of the trial Judge charged the law with respect to the presumption as contended for by the appellant. After the part of the charge complained of had been given, the trial Judge subsequently charged the jury as follows:

"It is not enough that she prove negligence on the part of the driver of the truck, but she must prove that such negligence was the proximate cause of the injury.

"Now the plaintiff must prove that the driver of this truck was negligent, or that he violated a city ordinance, where there is a presumption of negligence. But that is not enough; he must prove more; he must prove that such negligence was the proximate cause of the injury complained of."

Taken as a whole the charge instructed the jury that the plaintiff had to prove that the negligence of defendant was the proximate cause of the injury complained of. Furthermore the complaint of the defendant is not that the charge given was erroneous, but that the trial Judge failed to fully

charge the law with respect to the presumption arising from the violation of the city ordinance and the injury resulting from it.

If the counsel for appellant desired a clarification of the charge or further instructions on any of the issues it was his duty to request the same. The fifth exception supporting the second question of the appellant is without merit and is overruled.

The third question of the appellant based upon its first, second, third and sixth exceptions complains that the trial Judge erred in not granting its motion for a nonsuit upon the ground that the evidence failed to show any actionable negligence on the part of the defendant, its agents and servants, proximately causing the death of the deceased and its motion for a directed verdict upon the same ground and the further ground that the deceased was guilty of contributory negligence, recklessness and willfulness.

The facts and circumstances as disclosed by the evidence tend to show that the deceased, before she attempted to cross Rutledge Street, looked up and down it and ascertained that the street was clear of vehicular traffic; that she then started across the street which was 36 feet wide and had made her way 20.8 feet to the west rail of the street car tracks on the east side of Rutledge Street when she was run down and struck by the truck of the defendant; at the time the decedent was struck by said truck of the defendant it was running at a speed of 35 miles an hour in violation of a city ordinance restricting the speed to 25 miles an hour; that the truck was equipped with a defective horn; that the driver did not blow his horn or give any notice or warning, although he could have seen the deceased several blocks away; that the driver was not keeping a proper or any lookout for pedestrians and did not see the deceased until his truck was upon her, and did not slack the speed of it until after she was hit; and that she was struck on the driver of the truck's left-hand side of the street. These facts

constituted evidence from which the jury could legitimately infer that the negligence of the defendant was the proximate cause of the death of the plaintiff's intestate.

In law actions, where the issues of fact are tried by the jury, it is elementary that in motions of the defendant for a nonsuit or directed verdict, the evidence and all inferences to be drawn therefrom must be construed most favorably to the plaintiff, and the evidence tending to support the allegations of the complaint must be taken as true. *Riser v. Industrial Life & Health Ins. Co.*, 179 S. C., 437, 184 S. E., 148.

On motions of the defendant for a nonsuit or directed verdict, all testimony must be reviewed in the light most favorable to the plaintiff and if more than one reasonable inference can be drawn from the evidence, the issues must be submitted to the jury. *Morgan v Greenville County*, 189 S. C., 368, 1 S. E. (2d), 144.

The appellant's contention that the deceased was guilty of contributory negligence seems to be bottomed upon the proposition that she walked in front of the truck which struck her without looking. Such an inference might be drawn from the evidence, but there was testimony tending to show and from which the jury might reasonably infer that before the deceased started across Rutledge Street she looked up and down it and waited until Mr. Gorse had passed in his automobile; that when the deceased started across Rutledge Street the truck which struck her was half a mile or more away and probably out of her sight. That the truck came upon the scene when she was in or about the middle of the street; that she observed that the driver was not looking and realized her peril when she screamed in fright to attract the driver's attention, and that she was run down and killed on the driver's left or wrong side of the street while she was trying to escape from the mortal danger in which she found herself.

To have authorized the trial Judge to hold as a matter of law that the plaintiff's cause of action was barred by contributory negligence, the testimony must have been susceptible of no other reasonable inference than that the injury and death of the intestate resulted from her negligence concurring with the actionable negligence of the defendant and contributing to the injury and death as a proximate cause thereof. *Robinson v. Atlantic C. L. R. Co.,* 179 S. C., 493, 184 S. E., 96.

Contributory negligence ceases to be a defense when the injury complained of is shown to have been done willfully or purposely or where it was the result of such gross negligence as would imply wantonness or recklessness. *Darwin v. Charlotte, C. & A. R. Co.,* 23 S. C., 531 [226], 55 Am. Rep., 32; *Dowe v. Southern Ry. Co.,* 85 S. C., 23, 66 S. E., 1056; *Ritter v. Atlantic C. L. R. Co.,* 101. S. C., 8, 85 S. E., 51; *Chisholm v. Seaboard A. L. Ry. Co.,* 121 S. C., 394, 114 S. E., 500; *Bushardt v. United Inv. Co.,* 121 S. C., 324, 113 S. E., 637, 35 A. L. R., 637; *Monroe v. Atlantic C. L. R. Co.,* 137 S. C., 357, 135 S. E., 472.

It is not necessary to decide the question but the evidence was susceptible of an inference of gross negligence on the part of the defendant amounting to willfulness and wantonness.

All exceptions are overruled and the judgment of the Circuit Court is affirmed.

Messrs. Associate Justices Baker, Fishburne, and Stukes, and Circuit Judge E. H. Henderson, Acting Associate Justice, concur.