## No. 10761

### STATE v. GEORGE

#### (111 S. E. 880)

1. COURTS—FEDERAL DECISION IS NOT BINDING EXCEPT IN CASE INVOLVING FEDERAL QUESTION.—The State Courts are not bound to follow the Federal decisions except in cases involving a Federal question, and therefore a decision by the Supreme Court of the United States that a person attacked is not bound to retreat before invoking the right of self-defense is not conclusive on the State Court.

2. HOMICIDE—PARTY ATTACKED MUST RETREAT, IF POSSIBLE BEFORE INVOKING A RIGHT OF SELF-DEFENSE.—A charge that if one can give back or retreat without increasing his danger, and thus avoid taking human life, it is his duty to do so, and unless he has done so he cannot plead self-defense, was correct.

Before GARY,, J. Edgefield, March 1921. Affirmed.

John L. George, convicted of manslaughter, appeals.

*Messrs. John C. Sheppard, S. M. Smith, Cole L. Blease and Claude N. Sapp,* for appellant, cite: *Requirements of*

*the law as to retreat by party being attacked*: 65 L. Ed.
(U. S.) 619; 158 U. S. 550, 39 L. Ed. 1086; 164 U. S.
546, 41 L. Ed. 547; 96 S. W. 1068; 17 S. W. 1106; 209 U.
S. 36, 52 L. Ed. 670.

*Messrs. T. C. Callison, Solicitor, N. G. Evans* and *A. F.
Spigner* for respondent.

December 6, 1921.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

The defendant was indicted for murder, and was con-
victed of manslaughter.

The only exception upon which he appealed is as follows:
"That his Honor the Circuit Judge, erred in charging
the jury as follows: 'There is still a fourth element that he
must establish; he must show you that he had no other rea-
sonable means of escape, except to take the life of the as-
sailant.' The law says that if one can give back or step
aside, or retreat without increasing his danger, and thus
avoid taking human life, it is his duty to do so, and unless
he has done so, it will not permit his plea of self-defense.
It being respectfully submitted that the above language is
not in accord with the law, as laid down by the United
States Supreme Court, in such cases."

The appellant's attorneys rely upon the case of *Brown v.
United States,* reported in 257 U. S. ———, 41 Sup. Ct.
501, 65 L. Ed. 618.

The syllabus of the case is as follows:

"A person attacked by another with a knife, does not, as
a matter of law, exceed the bounds of lawful self-defense,
if he stands his ground and kills his assailant, where he has
sufficient reason to believe that he is in imminent danger
of death or grievous bodily harm, from his assailant."

The appellant herein was not tried in a Federal
Court, nor for the violation of a Federal law. The

State Courts are not bound to follow the Federal decisions, except in cases involving a Federal question, which was not the case in this instance. The fact that a ruling may be made on the trial of a case in a Federal Court does not thereby make it a Federal question. The charge was free from error under the decisions rendered by the Courts of this State.

Appeal dismissed.