12633

KEY v. CAROLINA & N. W. RAILWAY CO.

(147 S. E., 625)

*Messrs. Frank G. Tompkins, John A. Marion,* and *Glenn & Macaulay,* for appellant,

*Messrs. Hemphill & Hemphill,* and *Gaston, Hamilton & Gaston,* for respondent,

April 5, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This is an action for punitive damages, growing out of injuries received by the respondent in a collision of an automobile, in which the respondent was riding, and a train of the defendant at a grade crossing in Chester County. In the trial before his Honor, Judge John S. Wilson, the jury rendered a verdict in favor of the respondent for both actual and punitive damages. Defendant has appealed to this Court on 27 exceptions.

The fourth defense of the answer of the defendant contained the following allegations:

"(1) That on or about March ——, 1926, the plaintiff agreed that if the defendant would pay in full all charges

and expenses for doctors, medicine and hospital bills incurred and which should be incurred by or on behalf of the plaintiff in and for the treatment of the injuries sustained by him at the time of the collision referred to in the complaint, while a patient at the Chester Sanitorium, a hospital in the City of Chester, where plaintiff was and had been a patient since the date of his said injuries, he would fully and finally release and discharge the defendant from any and all further liability to him of any character whatsoever on account of the alleged claim for damages which is made the basis of his alleged cause of action herein; that in consideration of plaintiff's said covenant and agreement this defendant, by way of compromise settlement of plaintiff's alleged claim, agreed and contracted to pay the charges and expenses for doctor's, medical and hospital bills incurred, and which should be incurred, by and on behalf of the plaintiff at said Chester Sanitorium; and that pursuant thereto this defendant fully performed and executed said agreement on its part by assuming, by and with the consent of the Chester Sanitorium, the payment of the said charges and expenses to said Chester Sanitorium, thereby incurring, and relieving the plaintiff from, liability for the payment to said Chester Sanitorium of doctor's, medical and hospital bills in the sum of $2,394.70.

"(2) That defendant pleads the foregoing executed agreement both in bar of the plaintiff's alleged cause of action herein and by way of equitable estoppel against the assertion on the part of the plaintiff of the claim set up in the complaint."

In support of the allegations of the answer set forth, the defendant offered *some testimony*. Under the view we take of the case, it is not necessary, or proper, to attempt to state that testimony, or the testimony introduced by the plaintiff to refute those allegations of the answer. To properly consider the appeal, it is only incumbent upon us to ascertain if there was any testimony favorable to the defendant on the issue made as to the defense set up by it.

Based upon the allegations of the answer referred to, and the testimony offered by the defendant in support thereof, the defendant requested the Circuit Judge to charge the jury as follows:

"If you find from the evidence that the plaintiff, after his injury, made an agreement to settle his alleged claim for injuries on certain conditions; and upon the assumption of certain liability by the defendant company, and if you further find that the defendant company agreed to said conditions and actually performed its part of the same, in good faith, thereby changing its position for the worse, thereafter upon the performance by the defendant in good faith of such conditions of agreed settlement, the plaintiff could not repudiate and nullify the same. Therefore, if you should find from the evidence, that the plaintiff agreed to settle for payment of hospital and doctor bills, which settlement was accepted in good faith and agreed to by the defendant, if the defendant carried out its part by payment or by assumption of such obligations on strength of such agreement, and where the said obligation was not a legal obligation against it, then the plaintiff must be held to the contract agreed upon, and plaintiff cannot now repudiate the same.

"If you find from the evidence that the plaintiff and defendant made an agreement to settle, adjust and compromise their differences by reason of which the Railway Company agreed to assume and to pay all hospital and doctor bills in consideration of the plaintiff releasing and discharging any and all alleged claims for damages against the defendant; and if you further find that the plaintiff accepted such promise and agreement to pay and to assume by the defendant, then I charge you, as a matter of law, that such agreement was based upon a sufficient consideration and his original claim, if any, was thereby extinguished and barred and cannot be made the foundation of an action based upon his original injury."

The failure to give the instruction set out is alleged to have been reversible error.

The plaintiff contends that the charge of the presiding Judge was entirely sufficient to cover the instructions which the defendant sought to have given. We have read the charge carefully, and we are unable to find that it does.

The plaintiff urges also that the Judge properly refused the requested instructions, as the language thereof amounted to a charge on the facts. The request, in our opinion, was not objectionable on that ground. It was responsive to the facts under the contention of the defendant.

The requested instructions contained sound propositions of law. They were applicable to the facts of the cause. In our opinion, it was error on the part of the presiding Judge to refuse them.

The appellant contends, in one of its exceptions, that the Circuit Judge "erred in failing to give due weight and decision of the Supreme Court of South Carolina in the case of *Baltimore & Ohio Railway Co. v. Goodman.*" 275 U. S., 66, 48 S. Ct., 24, 72 L. Ed., 167, 56 A. L. R., 645. The appellant is in error in referring to that case as having been decided by the Supreme Court of this State. It was decided by the Supreme Court of the United States. It appears from the record that the presiding Judge permitted appellant's counsel to read the entire decision of the United States Supreme Court in the *Goodman case* to the jury in the trial of the case at bar, but that the Court refused to charge the law of that case, and on the motion for a new trial failed to grant the same because the jury had disregarded the principles announced in the *Goodman case.*

Among other things held in the *Goodman case,* the distinguished Mr. Justice Holmes, who wrote the opinion, indicated that a driver of an automobile before crossing a railroad track at a grade crossing, in order to avoid a collision, must stop and get out of his vehicle. The decision in the *Goodman case* is not authority in the Courts of South Carolina. Lately, it has been cited often by counsel for railroad companies in this Court, and

it has received considerable attention in dissenting opinions. A majority of the Court has never indorsed the views of that case. The only mistake made by the presiding Judge in this connection was in permitting counsel for the appellant to read the decision in the *Goodman case* to the jury. The Courts of South Carolina, except when federal questions are involved, are not bound by the decisions of the United States Supreme Court, however highly we may regard the opinions of that great Court. *State v. George,* 119 S. C., 120, 111 S. E., 880; *Johnson v. A. C. L. Railway Co.,* 142 S. C., 125, 140 S. E., 443. The *Goodman case* is in conflict with the decisions of this State. We are impressed, and agree, with the decision of the Court of Appeals of Georgia in the case of *Georgia Railroad & Banking Co. v. Stanley,* 145 S. E., 530, where that Court repudiated the doctrine of the *Goodman case,* and where Judge Bell, who spoke for that Court, completely answered some of the things stated in the *Goodman case* in the following language: "It might add but little, if anything, to a traveler's safety for him to leave his automobile for the purpose of looking for a train and then, after returning to his car, attempt to cross the track, without opportunity for a later view. On going back to his vehicle, he might still have the same need of approaching the track and looking for a train that he had before his first examination, and after each such precaution might be no safer in going ahead than he was before."

The defendant urges that its motion for a directed verdict, and especially as to punitive damages, should have been granted. Because of the result of the appeal, we think we should refrain from discussing the facts of the case. We content ourselves by announcing that there was no error on the part of the presiding Judge in this regard.

It is not necessary to pass upon the other exceptions.

The judgment of this Court is that the judgment below be reversed, and the cause be remanded to the Court of Common Pleas for Chester County for a new trial.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Stabler and Carter concur.