13577

DRIGGERS v. SOUTHERN RY. CO. *ET AL.*

(168 S. E., 185)

November, 1929.

*Messrs. Tompkins & Gary,* for appellants,

*Messrs. C. T. Graydon, D. W. Robinson* and *D. W. Robinson, Jr.,* for respondent,

February 9, 1933.

The opinion of the Court was delivered by CIRCUIT JUDGE C. J. RAMAGE, Acting Associate Justice.

Noah H. Driggers was struck by a train of the Southern Railway Company on Hampton Street, Columbia, S. C., on the 21st day of July, 1929, receiving injuries from which he died some hours afterward. This action was brought by the executrix for the benefit of herself and the three children of the testator, pursuant to the provisions of Sections 366, 367, and 368 of the Code of Civil Procedure of 1922 (Lord Campbell's Act), against the Southern Railway Company, Southern Railway—Carolina Division, and Joe Young. Issues were joined, a nonsuit was granted as to the Southern Railway—Carolina Division, and a jury returned a verdict against the Southern Railway Company and Joe Young for the sum of $12,500.00, from which these defendants appealed.

Without discussing seriatim or in particular detail, we take up the exceptions of the appellants.

1. As to the refusal of his Honor to allow the reading of the will to the jury, it must be remembered that defendants, as was their right, forced plaintiff to prove her right to sue in the capacity in which the suit

was brought. This forced plaintiff to place in evidence the record of the Probate Court to prove this issue. That record had no other business in the case; had no other connection with the case. The will could have no connection with any money recovered in the case; defendants denied that any money was due by them. Such being the case, Judge Bonham was eminently right in not complicating the real issues in the case by allowing the will to be read. We see no error in his action.

2. There was no error in his Honor's charge with ▮▮ reference to gross negligence to defeat plaintiff's recovery. The rule is that a charge must be taken as a whole and not in detached portions. The learned Judge said: "For the railroad company to exculpate itself of liability, it must show that the person injured was guilty of more than negligence, that he was guilty of gross negligence, which amounts to willfulness, as I have defined it to you; a lack of slight care for his own protection."

The Court had previously charged: "Willfulness or wantonness is the failure to exercise slight care * * * guilty of gross negligence which amounts to willfulness, as I have defined it to you, a lack of slight care for his own protection."

To recall the statute, we find in it this language: "At the time of the collision guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross wilful negligence or unlawful act contributed to the injury." (Civ. Code 1922, § 4925).

Justice Woods says, in *Boyd v. Railway Company,* 65 S. C., 326, 43 S. E., 817, 818:

"* * * It was not simply gross negligence, but negligence gross and reckless of consequences to others to such degree as to assume the nature of willfulness."

"Negligence signifies inattention, or, in other words, an unconscious failure to realize the danger of the situation. Willfulness signifies conscious disregard of consequences.

The term 'gross negligence' does not stand by itself in the statute, but the context characterizes the meaning and gives it the significance of willfulness." *Glenn v. Railway Co.,* 145 S. C., 41, 142 S. E., 801, 803.

From the study of the whole charge, we see no error as alleged in this exception.

3. Was there reversible error in the charge of the presiding Judge as to the relation of the earning capacity of the deceased to the verdict which might be found, as set out in Exception 3?

His Honor charged:

"This action sounds in damages. The plaintiff claims the right to recover of the defendants damages. Damages are of two sorts within the purview of the law. Actual damages and punitive damages. Actual damages are those which compensate one for the injury suffered. The loss or damages which the party has suffered. Compensatory damages, as they are sometimes called.

"Punitive damages are those which punish a person for a reckless, wanton and wilful invasion of the rights of another, by way of injury.

"In a case of this nature, I charge you that if the plaintiff is entitled to recover at all, she is entitled to recover such damages as will compensate her for her loss. What was the earning capacity of the decedent? What was his monetary value to his family, those who are entitled to recover under our statute? That is a matter for you to determine from the evidence in this case.

"In order that you may determine in a way, the earning capacity of a man, you are entitled to consider the mortuary tables contained in the statute law of South Carolina, which is in evidence before you. By that table, it is shown that a person sixty-three years old has an expectancy—life expectancy—of 12.26 years longer. Now, then, that does not necessarily mean a man sixty-three years old will live that long. You determine his expectancy along the line of that

table, by whatever testimony there is relating to his manner of life, his habits, frugality, sobriety or whatever it is which the facts show you of his manner of living, by the aid of that table, which is mere evidence of what his expectancy might be, what his earning capacity is and how long he may be expected to earn it."

His Honor further defines "punitive damages" in the manner usual in charges of this nature.

If any further or fuller explanation or statement was desired, the matter should have been called to the attention of his Honor, who no doubt would gladly have complied with the request; but in the absence of this request, defendants cannot complain. We find no merit in this exception.

4. Was there reversible error in the charge of the presiding Judge with reference to the requirements as to the speed of the train as limited by the city ordinances, as set out in Exception 4?

His Honor charged as follows: "The ordinances of the city council of Columbia, in evidence, make it unlawful for any railroad train to pass any street crossing in the city at a rate of speed greater than ten miles an hour, except where it is specifically provided by ordinances that trains passing over such crossing shall be preceded by a flagman on foot, in which case the speed of the flagman shall regulate the speed of the train. (Ordinance No. 548, as amended March 24, 1925.) If you find, from the evidence by the greater weight thereof that defendant Southern Railway Company ran a railroad train across the Hampton Street crossing at a greater speed than ten miles an hour, or at a greater speed than the speed of the flagman preceding the train, the railroad would be guilty of negligence in so doing, and if such negligent act was the proximate cause of the death of Noah H. Driggers, then the defendant Southern Railway Company would be liable for any damages arising to the plaintiff from the death of said Noah H. Driggers, unless Noah H.

Driggers contributed to his own injury or death by some act of negligence or gross negligence, on his part, as alleged in the answers of the defendants."

It appears to the Court that the learned Circuit Judge's charge was in strict accord with the provisions of the ordinance and with the law on the subject. If the appellants wished a more extended charge on the subject, the way was open to them to request it; and in the absence of such request, they have no cause of complaint.

5. As to point No. 5 in appellants' brief charging reversible error in the refusal to charge defendants' request No. 3, and set out in Exception No. 6, we hold that the same is without merit. The cases on this subject are numerous, and among them are: *State v. George,* 119 S. C., 120, 111 S. E., 880; *Johnson v. Ry.,* 142 S. C., 125, 140 S. E., 433; *Key v. C. & N. W. R. Co.,* 150 S. C., 29, 147 S. E., 625; *Holladay v. A. C. L.,* 150 S. C., 243, 147 S. E., 927.

We think that the charge in other places amply safeguarded the rights of the defendants in this case. Also, the contention of the plaintiff that there was a watchman at the point of collision, who was drunk and otherwise incompetent and who failed in his duty at the time and place in question, are elements in this case. We dismiss the exception.

6. Was there error in the charge of the presiding Judge in his charging plaintiff's request No. 10, and refusing to direct a verdict for defendants upon the sixth ground of their motion therefor, all referring to Sections 4903 and 4925, Volume 3, Code of Laws of South Carolina 1922 (now Sections 8355 and 8377, 1932 Code), being covered by Exceptions 5, 7, 8, 9, and 10?

Request No. 10 was in accord with the decisions of our Court in other cases. Moreover, when his Honor charged Requests 4 and 5 of the defendants, they have no cause of complaint under any view of the case, as these requests stated the law on behalf of defendants as favorably as it was possible to be stated. We have already gone into the ques-

tions raised here at much length and we can add nothing to what is said there. We dismiss this point covering these exceptions.

7. Point 7. Was there error on the part of the presiding Judge in not directing a verdict for defendant on account of the negligence, gross contributory negligence, recklessness, willfulness, and wantonness of the deceased, as set out in Exceptions 10, 11, 12, 13, and 14?

The pleadings and evidence contained, among other things, the following specifications and contentions on the part of plaintiff sufficient to carry the case to the jury:

(1) Blind crossing; (2) inadequate warnings and signals, as to blowing whistle and ringing bells; (3) excessive speed of train, ordinance of Columbia, and the testimony; (4) incompetent watchman to the knowledge of the railroad; (5) the watchman failed in his duties at the time of the accident; the matters as to whether watchman was drunk and as to what happened at the time of the collision and as to contributory negligence and conduct on the part of the deceased to defeat the action, were all matters under the testimony for the jury, and his Honor committed no error in submitting the case to the jury.

The other exceptions made by the appellants are based on the contention that the statutes of this State, commonly referred to as the crossing statute and the signaling statues (Sections 4903, 4925, Volume 3, Code of 1922, now contained in Sections 8355 and 8377, Code of 1932), are in conflict with the Constitution of the United States.

The identical questions raised by the appellants here were raised in the case of *Katherine H. Ford v. Atlantic Coast Line Railroad Co. et al.*, recently decided by the Court *enbance*, reported in (S. C.) 168 S. E., 143. In fact, the appellants here have adopted the argument of the counsel for the railroad company in the *Ford case.* The decision of the South Carolina Supreme Court *en banc* was affirmed on January 9, 1933, by the Supreme Court of the United States. See

*Atlantic Coast Line Railroad Company et al., appellants, v. Katherine H. Ford, respondent,* 53 S. Ct., 249, 77 L. Ed., —. On the authority of the decision in the *Ford case,* all these exceptions are overruled.

We have gone over all the exceptions in the case and, finding no reversible error, dismiss them.

It is the judgment of this Court that the lower Court be affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.