**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Frank Muns, Appellant.

Appellate Case No. 2014-000344

———————

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-314
Heard February 2, 2016 – Filed June 22, 2016

———————

**AFFIRMED**

———————

Kevin Roger Eberle, of Charleston; Nicholas Anthony Shalosky, of Philadelphia, PA; and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

———————

**PER CURIAM:** Frank Muns appeals his attempted murder and possession of a firearm during the commission of or attempt to commit a violent crime convictions arguing the trial court erred in refusing to charge the jury on the law of self-defense and on the law of accident. He further contends, because he must receive a new trial on the attempted murder charge based upon the trial court's failure to give the self-defense and/or accident charges, he is likewise entitled to a new trial on the possession of a firearm charge. We affirm.

1.      Muns argues the trial court erred in refusing to issue a self-defense charge despite evidence he was attempting to prevent Victim from crushing him with her car. We affirm the trial court's refusal to charge self-defense based upon the absence of evidence that Muns had no other probable means of avoiding the danger.

First, we note Muns's argument that he had no obligation to remove himself from the confrontation because—under the Castle Doctrine—he was defending his property and, therefore, was under no duty to retreat, is not preserved for appellate review. Not only did he never specifically raise the Castle Doctrine to the trial court, he never asserted to the trial court he had no duty to retreat because he was defending his own property or because the attack occurred on his own property. In fact, he made no argument whatsoever to the trial court concerning "duty to retreat." As to his assertion regarding trial counsel's discussion with the court concerning the real property belonging to his mother, at best, Muns only referenced ownership of the property in regard to his argument concerning whether he *brought about the difficulty*, not in regard to whether he had *other probable means to avoid the danger*. Accordingly, this argument is not preserved. *See State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (finding the argument advanced on appeal was not raised and ruled on below and therefore was not preserved for review); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (stating imposing preservation requirements on the appellant is meant to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments, and noting that the purpose of an appeal is to determine whether the trial court erroneously acted or failed to act, and when appellant's contentions are not presented or passed upon by the trial court, such contentions will not be considered on appeal).

Further, we find no evidence that Muns had no other probable means of avoiding the danger.

> A self-defense charge is not required unless it is supported by the evidence. To establish self-defense in South Carolina, four elements must be present: (1) the defendant must be without fault in bringing on the difficulty; (2) the defendant must have been in actual imminent danger of losing his life or sustaining serious bodily injury, or he must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury; (3) if his defense is based upon his belief of imminent danger, defendant must show that a reasonably prudent person of ordinary firmness and courage would have entertained the belief that he was actually in imminent danger and that the circumstances were such as would warrant a person of ordinary prudence, firmness, and courage to strike the fatal blow in order to save himself from serious bodily harm or the loss of his life; and (4) the defendant had no other probable means of avoiding the danger.

*State v. Slater*, 373 S.C. 66, 69-70, 644 S.E.2d 50, 52 (2007) (citations omitted). To raise self-defense, the defendant must produce some evidence from which the jury could have a reasonable doubt as to guilt. *See State v. Wiggins*, 330 S.C. 538, 544-45, 500 S.E.2d 489, 493 (1998) ("It is clear that the defendant need not establish self-defense by a preponderance of the evidence but must merely produce evidence which causes the jury to have a reasonable doubt regarding his guilt.") (quoting *State v. Bellamy*, 293 S.C. 103, 105, 359 S.E.2d 63, 64-65 (1987), *overruled on other grounds*, *State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991)).

In order to satisfy the fourth element of self-defense, there must be evidence the defendant:

> had no other probable means of escape except to take the life of his assailant or stated another way, that he had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily harm than to act as

he did in the particular instance; that it is one's duty to avoid taking human life where it is possible to prevent it even to the extent of retreating from his adversary unless by doing so the danger of being killed or suffering serious bodily harm is increased or it is reasonably apparent that such danger would be increased.

*State v. Jackson*, 227 S.C. 271, 279, 87 S.E.2d 681, 685 (1955). "A defendant is not required to retreat if he has 'no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in [the] particular instance.'" *State v. Dickey*, 394 S.C. 491, 502, 716 S.E.2d 97, 102 (2011) (alteration in original) (quoting *Wiggins*, 330 S.C. at 545, 500 S.E.2d at 493). "The law says if one can give back or step aside, or retreat without increasing his danger, and thus avoid taking human life, it is his duty to do so, and unless he has done so, it will not permit his plea of self-defense." *State v. Burriss*, 334 S.C. 256, 268, 513 S.E.2d 104, 111 (1999) (Burnett, J., dissenting) (quoting *State v. George*, 119 S.C. 120, 121, 111 S.E. 880 (1921)).

The trial court did not err in ruling Muns could not meet the fourth element of self-defense—that the defendant had no other probable means of avoiding the danger—as Muns presented no evidence that he had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did. Muns argues on appeal that he was trapped between Victim's car and his open truck door; however, Muns never testified that he was "trapped" or that his only exit was blocked by his open truck door, with no ability to retreat from the area of the vehicles. The only evidence is Victim was attempting to maneuver her car around Muns and his truck without hitting either. There is nothing to suggest Victim was using her car as a weapon to attack Muns or that Muns was in immediate danger from Victim's car from which he could not remove himself. Rather, the undisputed evidence reveals Victim made several maneuvers with her car in an attempt to get around Muns and his truck. Though Muns may have been afraid he could ultimately be harmed if he were to maintain his position between the vehicles in order to stop Victim as she continued to attempt to get around him and his truck, there is nothing to show he could not have removed himself from the area and the possible harm that he perceived could occur. Even assuming *arguendo*, as Muns contends on appeal, that he was stationed in an area between Victim's car, his truck, and his truck door as Victim attempted to maneuver around him, there is nothing to suggest he could not have simply shut his truck door and walked away, or shut his truck door and reopened it once on the other side and then

entered his truck, or merely climbed over his truck. In short, there is nothing in the evidence presented to show he attempted to leave or that he was unable to safely remove himself from the situation. Rather, under his own testimony, he chose to use a loaded gun to beat on the driver's side car window as Victim sat in the driver's seat in an attempt to make Victim stop her car. Viewing the evidence in the light most favorable to Muns, he chose to maintain a position he perceived as potentially dangerous in an attempt to stop Victim, rather than remove himself from the situation. *See State v. Santiago*, 370 S.C. 153, 160-61, 634 S.E.2d 23, 27-28 (Ct. App. 2006) (holding, in face of testimony, that after the victim looked at a shotgun in the trunk of the appellant's car, looked at the appellant, and looked at the shotgun again, and the appellant thought the victim was about to grab the shotgun so the appellant grabbed the gun first and, believing the victim was reaching for the gun, shot the victim, the evidence taken in the light most favorable to the appellant indicated, given the distance between the two men, the appellant could have retreated with his shotgun rather than shooting the victim, and "[m]oreover, [the appellant] simply could have avoided the danger by closing his trunk").

2.      Muns next argues the trial court erred in refusing to issue an accident charge despite evidence Muns's gun discharged unintentionally while being used to pound on Victim's window in order to get her to stop her car. We affirm the trial court's determination that Muns was not entitled to a charge on accident because he failed to exercise due care by using a loaded pistol to beat the window of Victim's car.

"[T]o be excusable on the ground of accident, it must be shown the [attempted murder] was unintentional, the defendant was acting lawfully, *and due care was exercised in the handling of the weapon*." *State v. Smith*, 391 S.C. 408, 415, 706 S.E.2d 12, 16 (2011) (emphasis added). Viewing the evidence in the light most favorable to Muns, he used a loaded gun to beat on the driver's side window of Victim's car as she sat in the driver's seat, hitting the loaded gun against the window at least three times before it discharged and struck Victim. We therefore find, as a matter of law, Muns was not entitled to an accident charge because he failed to use due care in the handling of the weapon. *See id.* at 412, 415 n.3, 706 S.E.2d at 14, 16 n.3 (holding the appellant was not entitled to an accident charge and finding, as a matter of law, there was no evidence the appellant exercised due care in the handling of a gun from evidence that, during a drug transaction, after the victim threatened to take the appellant's drugs and approached the appellant with a "real serious demeanor," the appellant pulled a gun on the victim, the victim grabbed the appellant and tried to knock the gun from the appellant's hand, the

appellant struck the victim in the face with the gun, the appellant and the victim struggled and "the gun went off," striking the victim).

3.      Muns lastly contends, should this court set aside his attempted murder conviction, he is entitled to a new trial on his possession of a weapon during the commission or attempt to commit a violent crime charge.  *See* S.C. Code Ann. § 16-23-490(A) (2015) ("If a person is in possession of a firearm or visibly displays what appears to be a firearm . . . during the commission of a violent crime *and is convicted of committing or attempting to commit a violent crime* as defined in section 16-1-60, he must be imprisoned five years, in addition to the punishment provided for the principal crime."(emphasis added)).  Because we find the trial court properly refused to charge self-defense and accident and Muns, therefore, is not entitled to a new trial on his attempted murder charge, there is no basis for granting him a new trial on the weapons possession charge.

For the foregoing reasons, Muns's convictions are

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**