McFarland v. Hooke & Bryan.

---

## B. F. McFARLAND v. HOOKE & BRYAN.

**WRITTEN CONTRACT.**   *Subsequent parol agreement.*

1.   The parties to a written contract may vary its terms by a subsequent parol agreement.   (1)

   **SAME.**   *Assignment of, with notice of parol agreement.*

2.   The assignee of a written contract having received it with notice of a subsequent parol agreement, whereby its terms were varied, cannot in the absence of fraud, be heard to complain.   He is bound by the parol agreement, as a part of the contract.

McKINNEY, J., delivered the opinion of the Court :

It is not necessary for the determination of the present cause, to decide whether or not, as between McFarland and Cawood, the orignal parties to the contract, parol evidence of the matter set up by McFarland in the bill, as evidence of his liability, would have been admissible, on the ground that the written instrument called a receipt, did not embrace the whole contract; though it is clearly established by the proof, that said paper did not, in fact, contain the terms of the whole agreement, nor was it intended or understood by the parties, to be the evidence of this agree-

ment. But, be this as it may, the proof places the fact beyond all question, that when Cawood transferred his interest in the contract to Bryan & Hooke, and assigned to them said receipt, he distinctly informed Bryan, with whom the transaction took place, what the whole terms of the contract were, according to the parol agreement between him and McFarland; and that Bryan was fully informed that the paper called the receipt, did not contain the whole agreement, and that it was not the evidence of the contract then transferred to him and Hooke, and that, with such positive knowledge, he fully assented to the parol terms of the agreement, and declared himself willing to trust and rely upon McFarland's verbal promise for performance thereof. Upon this state of the proof, we hold that Bryan & Hooke must abide, and be bound by the terms of the contract, as fully and fairly represented to them at the time of their dealing with Cawood. There is nothing in the record to induce suspicion that Cawood did not fully and truly state the terms of the agreement between himself and McFarland. Admitting, however, for the sake of argument, that, as between Cawood and McFarland, the written instrument would, in law, have been regarded as the legitimate evidence of their contract; yet, in fact, Cawood understood it otherwise, and in this view, represented to Bryan that the contract, or an essential part of it, rested in parol, and with this distinct understanding, Bryan accepted the transfer, for himself and Hooke.—They are precluded from insisting that Cawood was mistaken in the legal effect of the original contract with McFarland, and must stand upon the contract as made by them with Cawood. It was certainly competent to Cawood and McFarland, after the making of their con-

tract and before its transfer to Bryan & Hooke, to vary its terms by a verbal agreement, supposing it to have been originally fully reduced to writing. (1)And if Cawood, before the transfer to Bryan & Hooke, had, with the assent of McFarland, expressed or implied, changed the terms of the contract in any material respect, and the contract as thus varied was fully and fairly stated to Bryan, and accepted by him, he cannot be heard to complain of the change.   In the absence of fraud, all he can demand, is the performance of the agreement according to the terms and conditions, as represented to, and understood by him at the time it was assigned to him.

The decree is correct, and it will be affirmed.

*Decree affirmed.*

(1).   Contra, Bond v. Jackson, Cooke, 500, 504.

See Harrison v. Self, and citatoins, *Supra.*  But under a plea of *accord and satisfaction*, a party may show by parol testimony that a written contract has been satisfied, though in a manner different from that stipulated on the face of the instrument.   Overton, J., in Bond v. Jackson, *ubi. supra.*