## 8148

### BROWN v. BROWN.

OBLITERATING A CLAUSE IN A WILL.—A legacy in a will containing a residuary clause may be revoked by drawing a pen through the writing of the clause and the balance of the will remain of force without republication.

Before SEASE, J., Anderson, July, 1911.    Affirmed.

Action by Mamie McC. Brown, D. A. Ledbetter and J. M. Paget, as exors. of Fred. G. Brown, against Julia Brown, Zoe and John LaFoy *et al.*   The named defendants appeal.

*Messrs. Jaynes, Geiger & Wolfe,* for appellants, cite: Code 1902, 2481, 2475, 2476; 29 Car. 2, C. 3, S. 6; Jarman on Wills 147; Tiedeman on Real Property 636; 2 N. & McC. 271; 2 Brev. 278; 2 Des. 524; Harp. 314; 11 Stat. 238; 42 Am. R. 254; 36 L. R. A. 176; 98 Am. St. R. 809.

*Messrs. Padget & Watkins, Bonham, Watkins & Allen,* contra.   *Messrs. Padget & Watkins* cite: Harp. 314; 2 Brev. 279; 1 Jarman on Wills 291, 151; 16 S. C. 45.

March 25, 1912.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.   This action was instituted for the purpose of determining the force and effect of the will of Fred. G. Brown, executed on October 9, 1908.  The will contained, among other devises and bequests, the following as a part of the third clause: "I will to my nephew, Fred. Haltiwanger, one thousand dollars; to my nephew, Fred. Brown Ledbetter, one thousand dollars; to my nieces, namesakes of my mother, Julia Ledbetter, Julia Haltiwanger, and Julia Brown, one thousand dollars each; to Ezekiel Martin, my colored servant, two hundred dollars, and it is my

desire that he use this to pay for his home;" and the following as a fourth clause: "I will and devise five hundred dollars to Mrs. Zoe LaFoy and John LaFoy to assist them in purchasing a home." The will contained clauses disposing of the residuary estate. In the third clause, the legacies to Julia Ledbetter, Julia Haltiwanger, and Julia Brown of one thousand dollars each had a single pen line drawn through them, leaving them thoroughly legible; and through the fourth clause of the will above quoted, pen lines were drawn striking out the legacy to Mrs. Zoe LaFoy and John LaFoy, leaving it thoroughly legible. There were numerous other alterations in the will, which do not pertain to this appeal. Subtended to the will was this memorandum: "I made the above erasures after I had signed the above will. Signed, Fred. G. Brown."

The question between the legatees and executors was whether the legacies were revoked. Bearing on this issue the following admissions appear in the record:

1. "That the will admitted to probate is the last will and testament of Fred. G. Brown.

2. "That the alterations were made by the testator after execution and without republication of the will.

3. "That they were made, not with the intention of revoking the will *in toto,* but *pro, tanto.*

4. "That there was no subsequent will or codicil in writing declaring the same."

The appeal is from a decree of the Circuit Court holding that the legacies were revoked. The appeal depends on the construction of the following provision of the statute of frauds as it now appears in section 3481 of the Civil Code: "No will or testament, in writing, of any real or personal property, or any clause thereof, shall be revocable but by some other will or codicil in writing declaring the same, attested and subscribed by three witnesses as aforesaid, or by destroying or obliterating the same by the testator him-

self, or some other person in his presence, and by his direction and consent."

There can be no doubt that the statute contemplates the revocation, not only of the whole will, but of any clause thereof by destruction or obliteration. Any other construction would require that the words, "or any clause thereof," be regarded as having no effect. Although the point was not directly involved, this meaning was expressly assumed in *Pringle* v. *Executors of McPherson,* 2 Brevard 279, and *Meares* v. *Moore,* Harper 314. True, the statute cannot be extended so as to make an additional specific devise or bequest by mere obliteration of clauses of the will, for that would be making a testamentary disposition of property without the formalities required for such disposition. *Pringle* v. *Executors of McPherson, supra.* But there is nothing in the statute warranting the Court in holding that the power of revocation of a clause of a will by obliteration, expressly conferred by the statute in general terms, and applying to all wills, has no application to wills containing that most common feature, a residuary clause. The increase of the residuary estate which may result from the obliteration is not a new testamentary disposition, but a mere incidental consequence resulting from the exercise of the power conferred on the testator by the statute. The language of the statute of New York and other States on the subject is so different, that a review of the authorities in other jurisdictions would throw little light on the construction of our statute.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

*Only* MESSRS. CHIEF JUSTICE GARY *and* JUSTICE HYDRICK *participate in this opinion and concur.*