15788

LOWE *ET AL.* v. FICKLING *ET AL.*

(36 S. E. (2d), 293)

*Messrs. Thomas M. Boulware,* of Allendale, and *Blatt & Fales,* of Barnwell, Counsel for Appellants,

*Messrs. Edgar A. Brown* and *James Julien Bush,* both of Barnwell, Counsel for Respondents,

December 12, 1945.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unamious Opinion of the Court.

This action was instituted in the Court of Common Pleas for Barnwell County for the purpose of establishing an alleged lost or destroyed will of Mrs. Ida C. Briggs, deceased. The plaintiffs were the executor and a beneficiary under the will, while the defendants were the heirs-at-law of the deceased.

The complaint alleged the execution of the will in question, its purported provisions, the death of the testratrix,

who the heirs-at-law were, the appointment of an administrator and the inability of the plaintiffs to ascertain the whereabouts of the will. The answer admitted the allegations as to the heirs of Mrs. Briggs, her death and the appointment of an administrator but denied all of the other allegations.

The case was tried at the September, 1944, term of Court by his Honor, Presiding Judge G. Duncan Bellinger, without a jury.

After taking all of the testimony and hearing arguments of counsel, the trial Judge found from the law and the evidence that the plaintiffs herein failed in their proof of the following bequests alleged to have been made in the will in question:

(a) To Ida Blanche Walker one diamond ring;

(b) To Anna B. Gregory, the sum of $500.00 and for her child named for Dr. D. K. Briggs, the sum of $1,000.00;

(c) To the plaintiff, Sarah H. Johnson, all household furniture and furnishings, alleged in the complaint to have been bequeathed to her;

(d) To her sisters, Leila D. Walker and Annie D. Fickling, certain household furniture and furnishings described in the complaint.

He further found:

(e) That the testatrix devised unto Mrs. Sarah H. Johnson the property known as the "Old Briggs Place," or "Old Briggs Home Place." In this action it is not for the Court to interpret the provisions of the will. The interpretation as to what property this description covers would be determined in a different action brought for the interpretation of the will.

(f) That the testatrix devised unto Mrs. Leila D. Walker, for the term of her natural life, the residence in which testatrix was residing at the time of her death.

(g) As to the alleged devise to the Blackville Presbyterian Church, or to the Presbyterian Synod of South Carolina, the evidence is too indefinite to establish the provisions of the will.

(h) As to the provisions of the will passing the rest and residue of the estate to Thornwell Orphanage and to the Synod of South Carolina of the Presbyterian Church in the United States of America, the evidence shows that this devise had attached thereto conditions which were a component part thereof and therefore inseparable. The evidence fails to show the nature of the conditions. It, therefore, follows that the plaintiffs have failed to establish this bequest as a part of the will.

(i) That the will had been properly executed according to law but that the testator had destroyed it *animo revocandi,* and therefore he ordered the complaint dismissed.

From these findings the plaintiff now appeals to this Court upon exceptions which raise the following questions:

(1) Did the presumption arise that the testator destroyed the will *animo revocandi,* and if so, was such presumption rebutted by the evidence?

(2) Did the Court err in excluding testimony of witnesses, Johnson, Todd and Long, of declarations alleged to have been made by the scrivener at the time of the funeral to the effect that the provisions of the will were substantially as alleged in the complaint; the scrivener having testified at the trial that her present recollection as to several of the devises and bequests were indefinite and uncertain?

(3) Did the Court err in holding that plaintiffs failed to establish the devises and bequests to the Blackville Presbyterian Church and to the residuary beneficiaries because the scrivener testified that they contained certain technical provisions or conditions the nature of which she did not remember?

A study of the record shows that there is ample testimony to support the Court of Common Pleas in its finding, that the will was properly executed in September 1941, and from this finding there is no appeal.

It having been established that the will was in existence in 1941 and not having been produced upon the death of the testator, does the presumption arise that the testator destroyed the will *animo revocandi?*

■ A will is not a contract but a mere expression of intention to take effect after testator's death and subject in the meantime to revocation or such changes as the maker may deem expedient.

■ When a testator takes possession of his will and the same cannot be found after his death, the law presumes that the testator destroyed it *animo revocandi.* This is merely a presumption of fact and may be rebutted by showing by the evidence that the will existed at the time of his death, was lost subsequent thereto, or had been destroyed by another without authority to do so. The same presumption arises where it is shown that the testator, while not having the will in his actual possession, had ready access to it.

■■ The law does not presume that such an instrument had been destroyed by another person without the knowledge or consent of the maker for this would be a crime under our laws and a crime is never presumed, therefore, the burden of proof rests upon the plaintiffs to establish facts that the maker of the will did not destroy it for the purpose of revoking same. Even though one obtained possession of another's will and that person is adversely affected by the contents of the will and has had opportunity to destroy the same, even under such facts when the will cannot be found, the presumption remains that the will was destroyed by the testator for the purpose of revoking same

and not destroyed by those who are injuriously affected by the will and would profit by the destruction of the will.

The fact that one who had access to a will may have been disappointed by some of its provisions, and would benefit by the destruction of the will, is not of itself sufficient to rebut the presumption that the testator destroyed or cancelled it. To presume that one in possession of, or has access to, the will of another and to advance his interest has destroyed same would be to presume that one had violated the law by destroying the will. Such presumption is never indulged in. 28 R. C. L., 388; Page on Wills, 2nd Ed., Secs. 773, 774, pages 1316-1318; *Durant v. Ashmore,* 31 S. C. L., 184, 2 Rich., 184; *Watkins v. Watkins,* 47 S. C. L., 66, 13 Rich., 66; *Bauskett v. Keitt,* 22 S. C., 187; *Scott v. Maddox,* 113 Ga., 795, 39 S. E., 500, 84 Am. St. Rep., 263; *In re Hedgepeth,* 150 N. C., 245, 63 S E., 1025; *Williams v. Miles,* 68 Neb., 463, 94 N. W., 705, 62 L. R. A., 383, 110 Am. St. Rep., 431; *Tynan v. Paschal,* 27 Texas, 286, 84 Am. Dec., 619; *In re Woods Estate,* 247 Pa., 377, 93 A., 483; *Hodgson's Estate,* 270 Pa., 210, 112 A., 778; *Campbell v. Cavanaugh,* 96 N. J. Eq., 724, 125 A. 569, 926; *Collyer v. Collyer,* 110 N. Y., 481, 18 N. E., 110, 6 Am. St. Rep., 405; *Holler v. Holler,* 298 Ill., 418, 131 N. E., 663; *Gavitt v. Morton,* 119 Wis., 35, 96 N. W., 395; *Wendt v. Ziegenhagen,* 148 Wis., 382, 134 N. W., 905; *Bradway v. Thompson,* 139 Ark., 542, 214 S. W., 27; *Estate of Bates,* 286 Pa., 583, 134 A., 513, 48 A. L. R., 294, 295; *McClellan v. Owens,* 335 Mo., 884, 74 S. W. (2d), 570, 95 A. L. R., 711; *Goodale v. Murray,* 227 Iowa, 843, 289 N. W., 450, 126 A. L. R., 1121.

While it is not clear what became of the will after its execution, it can be fairly presumed, in the absence of other proof to the contrary, that the will having been prepared for Mrs. Briggs was placed in her possession. Then, there is other testimony, as was pointed out, which would reason-

ably tend to show that Mrs. Briggs placed this will in the black metal box and then gave the box with its contents to Mr. Lowe to keep for her. The evidence is that on two or three occasions Mrs. Briggs obtained from Mr. Lowe the box containing the will. Some time after this box, with its contents, had been entrusted to Mr. Lowe, Mrs. Briggs told him that in the event of her death to deliver the box and contents to her sister, Mrs. Leila Walker. Mrs. Leila Walker was not named as an executor in the will. After the death of Mrs. Briggs, Mr. Lowe delivered the box and contents to Mrs. Walker, as he had been instructed by Mrs. Briggs to do. There is evidence that after the box was opened no will could be found therein, but there was a memoranda book containing certain entries, which will be hereafter referred to. There was a search made at the Blackville Depository and the Georgia Railroad Bank and other places to find the will without success. There was testimony by the witness, Ott, that while working at the home of Mrs. Briggs that she had her will prepared as she wanted it and that it was in the possession of Mr. Lowe. There was also evidence from one witness that Mrs. Briggs had said at some time between the 15th of December, 1942, and the last of March, 1943, that she was going to destroy her will and make another.

Comparing the items alleged by the proponents of the will to have been bequeathed under the will to the beneficiaries named therein, with the disposition of certain property set forth in the memoranda book, we find the following:

In Item (b) of the complaint, there is no allegation of any disposition of chinaware or cut glass to Annie B. Gregory. In the memoranda book there is set off to Annie B. Gregory certain china and cut glass.

In the allegations of the complaint in Item (c), it is alleged that there had been bequeathed to Sarah H. Johnson certain household furniture and furnishings, but nowhere

in the memoranda book is there any household furniture or furnishings set off to this alleged beneficiary.

It is alleged in Item (e) in the complaint that there was set off to Leila D. Walker and Annie D. Fickling all household furniture and furnishings not bequeathed to Sarah H. Johnson and described in the memoranda book. A perusal of the memoranda book shows there is no personal property set off to Leila D. Walker, or to Annie D. Fickling, but there is certain personal property set off therein.

In the memoranda book disposing of the household furniture, furnishings, cut glass, chinaware and silverware, there was set off certain parts of this property to the following, who were not named in the alleged will in question, to wit: Elizabeth Hall, Rowena Dodenhoff, Anna Dodenhoff, Adelene Dodenhoff Jones, Leila Dodenhoff Patrick, Ida Blanche W. McCubbin, Blanche Dodenhoff, Annie Hair Fickling, Emily Dodenhoff and Billy Gregory.

This book was an attempt to dispose of the personal belongings and household furnishings set forth therein to certain ones whom she desired to have them.

It will be noted that under the will attempted to be proved by the proponents, Mrs. Leila D. Walker, a sister of Mrs. Briggs, would have received only a very minor portion of the estate. It should be further noted that Mrs. Walker was not nominated as an executrix of the will.

Taking these circumstances into consideration the question naturally arises that if the metal box contained the will, why should Mrs. Briggs have desired that at her death the will be placed in the possession of Mrs. Walker? The testimony shows that Mrs. Briggs had gotten possession of the metal box containing the will at a time or times after she had instructed Mr. Lowe to deliver the box and contents to Mrs. Walker.

Again the evidence shows that the plaintiffs, in endeavoring to prove certain of the bequests of the will, relied upon

some of the entries in the memoranda book, whereas it did not bear them out. As pointed out, the memoranda book provided for the distribution of the property therein listed among many others not alleged by the plaintiffs to be beneficiaries under the will. While these facts and circumstances are not conclusive, they, together with the additional fact that Mrs. Briggs made at least two other wills and revoked them, tends strongly to the conclusion that the testatrix decided to destroy the will in question for the purpose of revoking it, and endeavored by the memoranda book to dispose of her household furnishings and personal effects, leaving her real property to descend to her nearest of kin.

The plaintiffs carried the burden throughout to show that the will once existed and was lost or destroyed under circumstances that would defeat an inference of cancellation by the testatrix, and the Court of Common Pleas was correct in holding that this burden had not been successfully borne by the plaintiffs. Their case is of necessity bottomed upon the testimony of the scrivener which was most indefinite and unsatisfactory so much so that it is difficult to see how the Court of Common Pleas could have arrived at any conclusion other than what it did.

Plaintiffs then attempted to introduce testimony from witnesses to the effect that the scrivener had made statements at the funeral, which were contradictory to those made at the hearing, on the grounds that such evidence was proper under the *res gestae* rule. The time of the funeral and the alleged making of such statements was approximately two years after the execution of the will in question and the scrivener had not seen the will since the execution thereof, therefore, the element of time would have reference to that date rather than the death of the testator.

To make declarations a part of the *res gestae* they must be contemporaneous with the main fact—not however, precisely concurrent in point of time if they spring out of the transaction, elucidate it, and are made at a time so near to it as reasonably to preclude the idea of deliberate design they are then regarded as contemporaneous. If the declarations are a mere narration of a past occurrence they are not admissible as *res gestae*. *Lazar v. Great Atlantic & Pacific Tea Co.,* 197 S. C., 74, 14 S. E. (2d), 560; *State v. Belcher,* 13 S. C., 459; *State v. McDaniel,* 68 S. C., 304, 47 S. E., 384, 386, 102 Am. St. Rep., 661; *State v. Smith,* 200 S. C., 188, 20 S. E. (2d), 726; *Marks v. I. M. Pearlstine & Sons,* 203 S. C., 318, 26 S. E. (2d), 835.

In view of the above the question of whether or not the devises and bequests were established becomes academic.

This Court is of the opinion that all exceptions should be overruled and it is so ordered.

Mr. Chief Justice Baker and Messrs. Associate Justices Fishburne, Stukes and Oxner concur.