THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jerry Meehan,       
Appellant,
 
 
 

v.

 
 
 
Mary Elizabeth Meehan, Paul Embler, Richard J. Hurst, William L. Hendrix, 
 Jr., Betty H. Deal, Robert K. Hendrix, Virginia H. McEntyre, First Baptist 
 Church of Pendleton, First Baptist Church of Twin Falls, Idaho, First 
 Baptist Church of Anderson, J. Louie Hendrix, Diane Hendrix, F. Ben Hendrix, 
 Jr., Barbara E. Beach, of Whom, J. Louie Hendrix, Paul Embler and Barbara 
 Beach are,        Respondents,
In the matter of:  Sammie Bruce, Deceased.
 
 
 

Appeal From Anderson County
James W. Johnson, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-030
Heard November 6, 2003  Filed January 
 16, 2004

AFFIRMED

 
 
 
J. Calhoun Pruitt, Jr., of Anderson, for Appellant.
Michael F. Mullinax, of Anderson, for Respondents.
 
 
 

PER CURIAM:  This case involves whether 
 a conformed copy of a will should be admitted to probate.  Jerry Meehan as Personal 
 Representative of the estate of Sammie Bruce, appeals the circuit courts reversal 
 of the probate courts order, which accepted the conformed copy of the will 
 for probate.  We affirm.
FACTS
Bruce died on July 8, 1999 from cancer after a period 
 of hospitalization and recuperative care at National Healthcare between mid-April, 
 1999 and her death.  During this time period she appointed her great-nephew 
 Paul Embler as power of attorney to handle her affairs.  As part of his duties, 
 Mr. Embler secured Bruces residence by changing the locks, handled her finances, 
 and made specific gifts at her request.  Repeatedly, Embler asked Bruce about 
 updating her paperwork and about the location of her paperwork.  She told 
 him that her important papers were in a dresser drawer.  
Before Bruces death, Mr. Embler went with his 
 aunt Ella Hendrix to the residence to search for the important papers.  They 
 found a dresser drawer with various documents in it that they then removed.  
 One of the documents that appeared to Mr. Embler to be a will was opened and 
 read by him.  It stated that Meehan, another great-nephew of Bruce, was named 
 as Personal Representative of Bruces estate.  At the funeral, Mr. Embler gave 
 the documents to Meehan.  The documents included a conformed copy of Bruces 
 will and not an original executed will.
Meehan petitioned the probate court for formal 
 testacy and appointment as Personal Representative.  All testate heirs of Bruces 
 estate and intestate heirs not listed as beneficiaries under the will were listed 
 as Respondents.  The probate court admitted the conformed copy of the will to 
 probate. The Probate Court Judge granted formal testacy and appointed Meehan 
 as Personal Representative of the estate.
The Respondents appealed the probate court findings 
 to the circuit court.  The circuit court found that there was no clear and convincing 
 evidence in the record to overcome the presumption that the original will had 
 been destroyed.  The court found that the will was not entitled to probate and 
 Bruces estate must be administered as an intestate estate.  The circuit court 
 reversed and remanded the probate courts ruling.  Meehan appeals.
STANDARD OF REVIEW
An appeal from the probate court to the 
 circuit court regarding the validity of a will is a matter of law.  Golini 
 v. Bolton, 326 S.C. 333, 338, 482 S.E.2d 784, 787 (Ct. App. 1997).  In an 
 action at law decided in the probate court, the circuit court may not disturb 
 the probate courts findings of fact unless there is no evidence to support 
 them.  Matter of Howard, 315 S.C. 356, 361, 434 S.E.2d 254, 257 (1993).  
 On appeal, this court will examine the record to see if there is any evidence 
 to reasonably support the factual findings of the probate court.  Dean v. 
 Kilgore, 313 S.C. 257, 259, 437 S.E.2d 154, 155 (Ct.App. 1993).
LAW/ANALYSIS
Meehan argues the circuit court erred 
 when it reversed the probate court because the evidence in the record supported 
 the probate courts finding that Bruce did not intend to revoke her will.  We 
 disagree.
When the testator takes possession of 
 his will and it cannot be found at his death, the law presumes that the testator 
 destroyed the will animo revocandi. Golini v. Bolton, 326 S.C. 
 333, 340, 482 S.E.2d 784, 787 (Ct. App. 1997).  In arguing the presumption of 
 revocation does not apply, Meehan relies on Golini, asserting that the 
 facts of that case and the present one are similar.  In Giolini, the 
 probate court found that the will had not been revoked because the will had 
 been returned to the attorneys office.  The attorneys usual procedure was 
 to keep some executed wills for clients in his lock-box.  The probate court 
 held that as the testator never had possession of the will, the presumption 
 of revocation never arose.  It admitted a conformed copy of the will to probate.  
 The probate courts findings were affirmed by the circuit court and this court.  
 We find Golini factually distinguishable from this case because the attorney 
 here did not take possession of Bruces will after execution.
Sammie Bruce executed her will and took possession 
 of it on October 7, 1988.  Richard Ruele, the attorney who prepared a will for 
 Bruce on October 7, 1988, stated that it was routine practice for him at that 
 time to prepare an original will for his clients as well as a conformed copy.  
 He stated that Bruce would have been given the only original will as well as 
 a conformed copy such as the one under discussion here.  We find the presumption 
 of revocation does arise in the present case.
This presumption, however, is a presumption of 
 fact and can be rebutted.  Bauskett v. Keitt, 22 S.C. 187, 191 (1885). 
 The burden of rebutting the presumption with clear and convincing evidence belongs 
 to the proponent of the will.  Estate of Mason v. Mason, 289 S.C.273, 
 277, 346 S.E.2d 28, 31 (Ct. App. 1986).  The presumption of fact must be rebutted 
 by showing evidence that the will existed at the time of his [the testators] 
 death, was lost subsequent thereto, or had been destroyed by another without 
 authority to do so.  Lowe v. Fickling, 207 S.C. 442, 447, 36 S.E.2d 
 293, 295.
Sammie Bruce had the copy of the will in her possession 
 from its execution in 1988 until she was hospitalized in 1999.  No original 
 will was found at her death.  In the drawer where Bruce said her important papers 
 were kept, there was no original will.  There were, however, only copies of 
 the 1988 will and a copy of a previous will.  Meehan produced no evidence, that 
 the original will was lost after Bruces death.  Furthermore there was no evidence 
 presented of a third party destroying the will without her knowledge.  The probate 
 court speculated on the possibility that the decedents will may have been destroyed 
 by a third party while Bruce was in the hospital.  However, the law does not 
 presume illegal acts.  Lowe v. Fickling, 207 S.C. 442, 447, 36 S.E.2d 
 293, 295.  
Reviewing the record, we find that Meehan did not 
 succeed in rebutting the presumption that Sammie Bruce destroyed the will by 
 clear and convincing evidence.  Accordingly, we hold the circuit court was correct 
 when it determined the probate court erred in admitting the copy of the will 
 to probate. [1]   
 AFFIRMED
GOOLSBY, HUFF, and BEATTY, JJ., concur.

 
 [1] The respondents contend the probate court erred 
 when it decided to admit Emblers testimony because the testimony violated 
 the Dead Mans Statute. S.C. Code Ann. §19-11-20 (Supp. 2002).  We need not 
 address this issue because even if the evidence was not properly admitted 
 the record still fails to rebut the presumption that Bruce revoked her will.