LOCKEMY, C.J.:
**389 Georganna Paradeses, Pam Paradeses, Stephanie Starr, Robin Pace, Mary Paradeses, and Jim Paradeses appeal the probate court's determination that a deletion to the last will and testament of William D. Paradeses was not properly executed, and thus, invalid. We affirm.
FACTS
William D. Paradeses (Testator) died testate on January 9, 2016. Testator's last will and testament (the Will), dated October 29, 2008, was discovered in his home and submitted to the probate court in Richland County on February 11, 2016. The Will contained a strikeout over the entirety of Item IV(2), which originally provided for a $50,000 bequest to Faye Greeson[1] (Respondent). Next to the deletion was handwritten **390 language stating, "Omit #2 W.D. Paradeses." The Will also contained a handwritten addition to Item IV(1), which placed a condition on Testator's bequest of his interest in the Saluda Investment Company.[2] The beneficiaries affected by this addition agreed to carry out the provisions of the addition, which did not affect the bequest to Respondent. It is undisputed there were no witnesses to either of the changes.
On February 18, 2016, Georganna Paradeses, as personal representative of Testator's estate, filed a petition for declaratory judgment seeking an order from the probate court declaring the rights of the parties under the terms of the Will and the effect of the markings thereon. Respondent filed an answer denying the deletion was made by Testator and asserting the deletion failed due to improper attestation. Georganna Paradeses, Pam Paradeses Greeson, Stephanie Starr, *873 Robin Pace, and Mary Paradeses (Appellants) answered and admitted Testator made the changes with the intent to change the Will.
A hearing was held before the probate court on July 27, 2016. At the hearing, Respondent argued there was insufficient proof Testator struck Item IV(2) from the Will, and, even assuming he did, the deletion was ineffective because it was an attempt to create a codicil without the required signatures of two witnesses. Appellants argued section 62-2-506 of the South Carolina Code (Supp. 2018) provides for the revocation of any part of a will by, among other things, cancellation. Citing several cases from other jurisdictions, Appellants argued the probate court should compel the acceptance of Testator's revocation of the $50,000 bequest by his cancellation of the same by striking it out of the Will, which was in his possession at the time of his death.
In an August 2016 order, the probate court found the addition and deletion to the Will were made after the Will was properly executed in the presence of two witnesses. The court determined the changes were consistent with an attempted codicil and required proper execution. The court held there were no known witnesses to the changes, and thus, they were not properly executed. Accordingly, the court found Respondent's right to the bequest of $50,000 remained valid. The **391 probate court subsequently denied Appellants' motion to alter or amend. In its order, the court noted it analyzed the addition and the deletion together in determining the changes were an attempted codicil and not merely a revocation of part of the Will. This appeal followed.
STANDARD OF REVIEW
The standard of review applicable to cases originating in the probate court is controlled by whether the underlying cause of action is at law or in equity. Howard v. Mutz , 315 S.C. 356, 361-62, 434 S.E.2d 254, 257-58 (1993). This is an action at law. NationsBank of S.C. v. Greenwood , 321 S.C. 386, 392, 468 S.E.2d 658, 662 (Ct. App. 1996) (holding an action to construe a will is an action at law). If a proceeding in the probate court is in the nature of an action at law, review by this court extends merely to the correction of legal errors. Townes Assocs. Ltd. v. City of Greenville , 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976), abrogated on other grounds by, In re Estate of Kay , 423 S.C. 476, 816 S.E.2d 542 (2018).
LAW/ANALYSIS
Appellants argue the probate court erred in finding the handwritten deletion on the face of the Will was improperly executed and, thus, invalid. We disagree.
"A will is an expression of a testator's intent to dispose of the testator's property after death." In re Estate of Pallister , 363 S.C. 437, 448, 611 S.E.2d 250, 256 (2005). Pursuant to section 62-1-201(53) of the South Carolina Code (Supp. 2018), the term "will" includes codicils and any testamentary instruments that merely appoint an executor or revoke or revise another will. Except as provided for writings within section 62-2-512 and wills within section 62-2-505, every will shall be:
(1) in writing;
(2) signed by the testator or signed in the testator's name by some other individual in the testator's presence and by the testator's direction; and
(3) signed by at least two individuals each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will.
S.C. Code Ann. § 62-2-502 (Supp. 2018).
"A will may be freely modified or revoked by a mentally competent testator, acting of the testator's own volition, **392 until the testator's death." Pallister , 363 S.C. at 448, 611 S.E.2d at 256 (citing Lowe v. Fickling , 207 S.C. 442, 447, 36 S.E.2d 293, 294 (1945) ; S.C. Code Ann. § 62-2-506 (1987) (revocation of will by writing or act)). Pursuant to section 62-2-506(a), a will or any part thereof is revoked:
(1) by executing a subsequent will that revokes the previous will or part expressly or by inconsistency; or (2) by being burned, torn, canceled, obliterated, or destroyed, with the intent and for the purpose of revoking it by the testator or by *874 another person in the testator's presence and by the testator's direction.
S.C. Code Ann. § 62-2-506(a) (Supp. 2018).
Appellants contend the probate court erred in considering both the deletion of the bequest to Respondent and the added language in Item IV(1) in determining whether Respondent's bequest had been revoked. Appellants maintain the language of section 62-2-506(a) evidences the legislature's intent to allow testators to partially revoke a will without the signatures of two witnesses.
We find the probate court did not err in considering the addition and deletion to the Will together, and finding the changes were an attempted codicil. First, we note that although section 62-2-506(a) provides a testator can partially revoke a will without attestation by two witnesses, the statute specifically provides the revocation must be made "by the testator or another person in the testator's presence and by the testator's direction." Here, the parties dispute whether the Testator made the alterations to the Will.[3] Appellants cite Brown v. Brown , 91 S.C.101, 74 S.E. 135 (1912) to support their argument that the Testator could revoke part of his Will by striking out the section to be revoked. However, in Brown , it was stipulated that the purported alteration to the will at issue was made by the testator.
The present case, which concerns both an addition and a deletion, is more akin to **393 Stevens v. Royalls , 223 S.C. 510, 77 S.E.2d 198 (1953). In Stevens , our supreme court held where changes to a will included additions and deletions, the changes were more than the revocation of a devise, and therefore, they were invalid in view of the fact that formalities necessary to a codicil did not exist. Id. at 516-17, 77 S.E.2d at 201-02. The court held "[t]he general rule ... is that when an attempt has been made by erasure or obliteration to make a different disposition of the estate, the attempt will be abortive if made without the attestation required by law, and the will as originally drawn will be given effect." Id. at 515, 77 S.E.2d at 201.
The changes to the Will in this case were more than the revocation of a devise. The changes included an addition that modified the bequest to Appellants of the Testator's interest in the Saluda Investment Company. In light of the supreme court's holding in Stevens , we find the probate court properly considered all of the alterations to the Will in holding the changes were an attempted codicil and required the signatures of two witnesses.
CONCLUSION
The order of the probate court is
AFFIRMED.
SHORT and MCDONALD, JJ., concur.

"Faye Greeson" refers to Eleanor Glisson.

The handwritten addition states, "A.D. and J.D. Paradeses will have control until it is sold and no one else. W.D. Parades (sic)."

The probate court did not reach the issue of whether the alterations were made by the Testator.